UNITED STATES of America, Appellee,

v.

**John Phillip SHINNERS, Appellant.**

No. 89–5265.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 11, 1989.
Decided Dec. 26, 1989.

Deborah Ellis, St. Paul, Minn., for appellant.

Joseph T. Walbran, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before McMILLIAN, JOHN R. GIBSON, and BOWMAN, Circuit Judges.

PER CURIAM.

Appellant John Phillip Shinners, a convicted felon, pleaded guilty to one count of possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Supp. V 1987) and was sentenced to a term of sixty months pursuant to the United States Sentencing Guidelines. Appellant argues that he should not have been sentenced under the aggravated assault provision of the Guidelines and that the District Court[1] incorrectly assigned him three criminal history points for a prior drug offense conviction. United States Sentencing Commission, *Guidelines Manual*, §§ 2A2.2 & App. C, amends. 85 & 86, 4A1.1(a) (Nov.1989) (hereinafter "U.S.S.G.").

On October 28, 1988, Shinners was in a Rainbow Foods store in Minneapolis, Minnesota. A store employee saw appellant acting suspiciously and suspected him of shoplifting. Three store employees followed Shinners to the parking lot and tried to apprehend him as he entered his car. Appellant struggled with the first employee who attempted to stop him and a second employee grabbed appellant from behind. Shinners then pulled a Colt .357 magnum revolver from inside his car and continued to struggle with the store employees. During the scuffle, the revolver discharged

into the air. Shinners shouted, "I will kill you, you son of a bitch," although it is disputed whether he yelled this while brandishing the firearm or after he was wrestled to the ground and disarmed.

Section 2K2.1 of the Guidelines sets out the base offense level for the illegal possession of a firearm and further provides that "[i]f the defendant used the firearm in committing or attempting another offense, apply the guideline in respect to such other offense." U.S.S.G. § 2K2.1(c)(1) & App. C, amend. 189. The District Court found that Shinners's conduct constituted aggravated assault and sentenced him under the appropriate Guidelines provision, section 2A2.2. Appellant's base offense level was fifteen, plus a five-level increase because the firearm discharged during the assault.

When an application of the Guidelines is at issue, this Court accepts the findings of fact of the district court unless they are clearly erroneous. 18 U.S.C. § 3742(d) (Supp. V 1987). After a careful review of the factual findings of the District Court, we are convinced that it was not clearly erroneous to conclude that appellant's conduct constituted aggravated assault. On the basis of these findings, we therefore uphold the sentence imposed by the District Court. *See* 8th Cir.R. 14.

Shinners's argument that the District Court erred in calculating his criminal history score is without merit. Section 4A1.1(a) of the Guidelines requires that three points be added to the base offense level for each previous sentence of imprisonment that exceeded one year and one month. In 1973, appellant was given an indeterminate sentence not to exceed two and a half years. After serving approximately five months, appellant was paroled. Shinners argues that his criminal history points therefore should be figured on the basis of the five months he actually served rather than on the basis of the total thirty-month sentence he received. *See* U.S.S.G. 4A1.2(b)(2). This argument is expressly

---

1. The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri.

contradicted by the Guidelines, which state "The term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed." U.S.S.G. § 4A1.2(b)(1).

Affirmed.