UNITED STATES of America,
Plaintiff–Appellee,

v.

Bill Eric WILLIS, Defendant–Appellant.

No. 90–6137.

United States Court of Appeals,
Tenth Circuit.

Jan. 29, 1991.

M. Jay Farber, Asst. U.S. Atty., Oklahoma City, Okl. (Timothy D. Leonard, United States Attorney, with him on the brief), for plaintiff-appellee.

Gary W. Briggs, Lacy & Briggs, Oklahoma City, Okl., for defendant-appellant.

Before BRORBY, BARRETT, and EBEL, Circuit Judges.

EBEL, Circuit Judge.

Appellant pled guilty to the charges of being a Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1), and Possession of an Unregistered Firearm, 26 U.S.C. § 5861(d). The indictment described the crimes as occurring on or around November 30, 1989.

The district court sentenced the defendant to 37 months imprisonment with supervised release to follow. In sentencing the defendant, the court took into account the undisputed fact that the gun was discharged in a drive-by shooting which, apparently, also resulted in a state conviction for aggravated assault. In determining the criminal category for the gun possession charges, the district court turned to what was then § 2K2.2 of the pre-November 1, 1989 sentencing guidelines. In the defendant's particular case, the point value for the first count would normally have been 12 and for the second count, 16. However, the district court enhanced the defendant's sentence—in order to reflect the use of the firearm in aggravated assault—by applying the cross reference listed at subsection (c)(1) and thereby enhancing the criminal category to 20.

The defendant appeals his sentence by claiming that 1) if the district judge had used the correct version of the Sentencing Guidelines no enhancement could have occurred; 2) that enhancing his sentence to reflect the state crime of aggravated assault is a misapplication of the guidelines because it essentially results in the Sentencing Commission exceeding its authority to make criminal categories for federal crimes only; and 3) that the enhancement for the drive-by shooting constituted double jeopardy as the defendant was already sentenced in state court for aggravated assault.

We disagree with all three assertions and treat them in order.

## I. Whether the Correct Version of the Guidelines Was Used

■ The defendant claims that in finding a criminal category of 20 rather than 16, the district court used the cross reference provided by the superseded, pre-November 1, 1989 version of the Sentencing Guidelines. That version read: "If the defendant used the firearm in committing or attempting another offense, apply the guideline *for such other offense or* § 2X1.1 (Attempt or Conspiracy), if the resulting offense level is higher than that deter-

mined above." *See* § 2K2.2(c)(1) of the pre-November 1, 1989 Sentencing Guidelines. (Emphasis added). The defendant argues that because his crime, indictment, and sentence all occurred *after* November 1, 1989, he should have been sentenced under the newer version of the Guidelines which does not include the "for such other offense or" portion of the cross reference. *See* Suppl. Authority of Appellant at 1.

■ We agree with the defendant that because the crime, indictment, and sentencing all occurred after November 1, 1989, the correct version of the Guidelines to be applied to the defendant's case is the one that became effective on November 1, 1989. However, the change that defendant noted which took place between the two versions—the deletion of the phrase "for such other offense, or"—does not assist defendant. Both versions call for cross reference to § 2X1.1 and through that section the court is directed to § 2A.2.2 ("Aggravated Assault"). Although the defendant was not convicted, and is not here being sentenced, for aggravated assault, § 2K2.1(c)(2) requires that he be sentenced *for his firearm convictions* by application of the sentence that would have been imposed for whatever underlying offense conduct he committed with the illegal firearm if that would lead to a greater sentence.

The defendant claims "[n]othing in the language of § 2X1.1 achieves the result obtained at sentencing[, i.e., the enhancement for the gun's use in aggravated assault]." *See* Suppl. Authority of Appellant at 2. Defendant makes this assertion presumably because § 2X1.1 is entitled *"Attempt, Solicitation or Conspiracy ..."* and in this case the gun was actually used for an assault. However, we are not limited to the title of § 2X1.1, particularly where the statutory scheme only references § 2X1.1 as a conduit to direct the court to the underlying offense. Indeed, section § 2X1.1(a) instructs the court to look to "[t]he base offense level from the guidelines for the object offense...." This precise issue was presented to the Seventh Circuit in *United States v. Madewell*, 917 F.2d 301 (7th Cir.1990). The court there

concluded that the cross reference to § 2X1.1 requires that when a defendant uses an illegal firearm to commit other offense conduct that he be sentenced according to such other offense conduct even though his conviction is only for the unlawful possession of firearms. *Id.* at 306. We agree with that analysis.

Therefore, in a case where the gun illegally possessed was used in an aggravated assault, the district court correctly turned to the aggravated assault provisions of § 2A2.2, where it found a base level of 15, plus 5 for the gun's discharge—totalling to 20 offense points. *Cf. United States v. Smith,* 910 F.2d 326, 329–30 (6th Cir.1990) (referring to commentary to § 2K2.1 of the pre-November 1, 1989 sentencing guidelines in holding that § 2K2.2 of the guidelines apply to state crimes as well as federal); *United States v. Perez,* 897 F.2d 751, 752–53 (5th Cir.1990) (affirming enhancement under pre-November 1, 1989 guideline for aggravated assault conviction); *United States v. Shinners,* 892 F.2d 742, 743 (8th Cir.1989) (same).

Therefore, no error was committed in the district court's sentencing that cross referenced the sentence which would have been imposed for aggravated assault.

## II. Whether Enhancement for a State Crime is a Misapplication of the Guidelines or Exceeded the Commission's Authority

■ Defendant argues that the district court's use of the state offense of aggravated assault to enhance his firearms sentence was "not a proper application of the guideline.... [because s]uch an application is beyond what was intended by the Commission.... Further, such an application is beyond the scope of authority granted to the Commission by Congress." *See* Appellant's Br. at 6. Defendant argues that it is objectionable to "use ... a crime directly punishable only under state law in determining the offense level," *see* Appellant's Reply Br. at 1, because it impermissibly exceeded the Congressional mandate to "authorize[ ] the sentencing of 'a defendant who has been found guilty of an offense described in any *federal* statute.' " *See* Appellant's Br. at 6, *quoting,* 18 U.S.C. § .3551(a) (Emphasis added.)

Most of the cases which have dealt with the cross references have not addressed this issue, *see Madewell, supra; United States v. Pologruto,* 914 F.2d 67 (5th Cir. 1990); *Perez, supra; Shinners, supra.* However, one case, *United States v. Smith, supra,* did address the same argument defendant raises here. In *Smith, supra,* the government had argued that the defendant's possession, and use in a state crime, of a sawed-off shotgun exposed the defendant to enhancement for aggravated assault through the pre-November 1, 1989 § 2K2.2(c) cross reference. There,

> "[t]he district court rejected the enhancement argument of the government with the observation that the cross reference provisions of § 2K2.2 [now consolidated into § 2K2.1] apply only to a federal offense of aggravated assault and not to a state offense of aggravated assault." *Id.* at 329.

The Sixth Circuit reversed, finding that

> [t]he language of the guideline, the policy behind the guidelines, the commentary to other related guidelines, the definition of relevant conduct and the other cases that have considered the question all indicate that the cross reference applies to state as well as federal offenses. *Id.* at 330.

We find the Sixth Circuit's conclusion correct. Congress has not, through the cross reference clause, federalized a state crime. Instead, the cross reference merely allows the sentence for the charged crime—in this case illegal gun possession—to reflect the reality of the crime. For instance, we think it obvious that the culpability—and the resultant punishment—of a person who passively possesses a gun is different than the person who possesses that same gun but also uses it in a drive-by shooting. The reality of this truism is reflected in the current cross reference at § 2k2.1(c)(2) which, contrary to what defendant claims, is really no different than other methods of sentence enhancement resulting from the commission of state

crimes. For instance, the defendant has conceded that it would be appropriate for the district judge to enhance his sentence with the state crime by either increasing his criminal history category or by using it as grounds for an upward departure.

■ We think it natural, therefore, that the Sentencing Guidelines should provide a method of enhancing offense points as well. Additionally, we cannot conclude that the Sentencing Commission exceeded its congressional mandate. To the contrary, the Commission has simply authorized the sentence of "a defendant who has been found guilty of an offense described in a federal statute" in order to reflect the defendant's true degree of culpability. *See* 18 U.S.C. § 3551(a).

### III. The Double Jeopardy Claim

■ Having decided the first two issues against the defendant, his claim of being put in double jeopardy need not detain us long. The government is correct that "two separate sovereigns are involved, the State of Oklahoma and the United States of America." *See* Appellee's Br. at 11. We agree that the law "is well settled that a federal court can prosecute and punish an individual for the same crimes originally brought in state court." *Id. See also United States v. Lanza,* 260 U.S. 377, 382, 43 S.Ct. 141, 142, 67 L.Ed. 314 (1922) ("[A]n act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each.").

We AFFIRM.