**UNITED STATES of America, Appellee,**

v.

**Natalie C. TELEMAQUE, Appellant.**

**No. 90–5468ND.**

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1991.

Decided May 28, 1991.

Rehearing Denied July 8, 1991.

Leslie Johnson–Soetebier, Fargo, N.D., for appellant.

Norman G. Anderson, Fargo, N.D., for appellee.

Before JOHN R. GIBSON and LOKEN, Circuit Judges, and ROSS, Senior Circuit Judge.

PER CURIAM.

Natalie C. Telemaque appeals the sentence imposed upon her by the district court[1] after her conviction for conspiracy to defraud the United States. We affirm.

Telemaque and her three co-defendants devised and marketed to like-minded tax protesters an elaborate scheme whereby a participant would file a fraudulent Form 1099 with the Internal Revenue Service falsely reporting the payment of income to a person who had committed "any wrong against you" and then would file a tax return fraudulently claiming a refund for the money reported paid on the 1099. The evidence established that, pursuant to the conspiracy, fraudulent tax returns claiming refunds in excess of a billion dollars were filed, and fraudulent 1099s claiming payment of over a billion dollars were sent to victims of the conspiracy, who included a bankruptcy judge, a congressman, the Commissioner of the IRS, and numerous IRS agents and employees. The evidence also established that Telemaque, though perhaps less culpable than her co-defendants, played a central role in preparing and disseminating instructional materials explaining how to implement the fraud; in organizing a presentation of the scheme to 60–75 persons at the American Destiny Church in Phoenix, Arizona; and in mailing 1099s to numerous victims.

After a jury trial, Telemaque was found guilty of conspiracy to defraud the United States. Following an evidentiary sentencing hearing, the district court determined that the applicable guideline was § 2T1.9, "Conspiracy to Impair, Impede or Defeat Tax," with a base level of 10, and that Telemaque warranted an increase of 2 levels for encouraging others to violate the Internal Revenue Code, § 2T1.9(b)(2), an increase of 3 levels for her role as manager or supervisor in the offense, § 3B1.1(b), and an increase of 3 levels for targeting

1.  The Honorable Rodney S. Webb, United States District Judge for the District of North Dakota.

official victims, § 3A1.2. The court then made an upward departure of 2 levels because of the extent of the intended monetary loss and disruption to the government, citing § 5K2.0, and sentenced Telemaque to 36 months in prison, followed by two years of supervised release.

On appeal, Telemaque contends [2] that the district court should have based her sentence on guideline § 2T1.3, "Fraud and False Statements Under Penalty of Perjury"; that the district court erred in applying the official victim adjustment because the government failed to establish that the offense was motivated by the victims' status within the government; and that the district court erred in denying her a two level reduction for a minor role in the conspiracy and in applying a three level increase because she was a manager or supervisor.

These claims are without merit. Telemaque was convicted of conspiracy to impede the collection of tax, a conviction amply supported by the evidence. Telemaque's victims included a bankruptcy judge, a congressman and the Commissioner of the IRS. The evidence established that she was one of the core members of the conspiracy and chiefly responsible for the manufacture and distribution of many of the fraudulent documents. Under these circumstances, we are convinced that the district court's application of the guidelines was not clearly erroneous. *See United States v. Shinners*, 892 F.2d 742, 743 (8th Cir.1989).

Accordingly, we affirm.

---

2. Throughout the district court proceedings, Telemaque refused to recognize the court's jurisdiction. The court appointed a stand-by attorney for her, based upon her stated desire to defend herself. Telemaque then refused to attend the trial after the first day, but her appointed attorney nonetheless represented her at trial and at the sentencing hearing in a competent and professional manner. The district court displayed commendable patience and fairness with Ms. Telemaque throughout these proceedings.

This appeal has been filed on Telemaque's behalf by her appointed attorney against her wishes. Telemaque continues to contest the jurisdiction of the court and rejects all other arguments on her behalf. Telemaque's jurisdictional arguments are frivolous, and her attorney has competently pressed the remaining issues we consider on appeal.