944 F.2d 903
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terence Everal SPENCE, Defendant-Appellant.
 No. 90-5246.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 17, 1991.
Decided Sept. 20, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Salisbury. Frank W. Bullock, Jr., District Judge. (CR-90-188-S)
 Susan Hayes, Greensboro, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Lisa Blue Boggs, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before K.K. HALL, MURNAGHAN and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Terence Everal Spence appeals his convictions, upon guilty pleas, for possession of a firearm by a convicted felon and reentry into the United States by a deported alien, in violation of 18 U.S.C. § 922(g) and 8 U.S.C. § 1326(a), respectively. Spence's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in her view, there are no meritorious issues for appeal. Spence filed a pro se brief raising various issues. In accordance with Anders, we have examined the entire record and find no error. We briefly address the issues raised by Spence.
 
 
 2
 Spence's assertion that the sentencing judge did not comply with Fed.R.Crim.P. 11(c)(1)-(5) and (d) is belied by the transcript of proceedings held on September 20, 1990. The court made a detailed inquiry of Spence in accordance with Rule 11, ascertaining, for instance, that Spence understood the charges against him, was competent to enter a plea, understood the constitutional rights that he waived by pleading guilty, and was aware of the sentences that could be imposed. The court also made sure that the pleas were voluntarily made. In sum, the court fully complied with Rule 11.
 
 
 3
 Spence also argues on appeal that the district court misapplied the Sentencing Guidelines in computing his base offense level for the firearms violation. When Spence was arrested on that charge, he was also found to be in possession of over 200 grams of cocaine. He was charged under state law with drug trafficking, but he was allowed to plead guilty in state court to possession of cocaine.
 
 
 4
 Contrary to Spence's assertion, we find that the district court correctly calculated the base offense level. Although the court relied on the Guidelines in effect at the time of the offense instead of those in effect at the time of sentencing, this error is immaterial because under both sets of Guidelines, the level is the same. See United States v. Morrow, 925 F.2d 779, 782-83 (4th Cir.1991); 18 U.S.C. §§ 3553(a)(4) and (5).
 
 
 5
 Under the Guidelines, the starting point is U.S.S.G. § 2K2.1. This section cross references to § 2X1.1, which is a conduit to § 2D1.1. See United States v. Willis, 925 F.2d 359, 360 (10th Cir.1991); United States v. Madewell, 917 F.2d 301, 306-07 (7th Cir.1990). The base offense level for drug offenses involving between 200 and 300 grams of cocaine is 20, which is the level the probation officer calculated using the Guidelines in effect at the time of the offense.
 
 
 6
 The fact that Spence was convicted only of possession instead of trafficking has no effect on the base offense level, for it is relevant conduct rather than specific charges that the Guidelines address. See U.S.S.G. § 1B1.3.
 
 
 7
 Spence's contention that the district court violated Fed.R.Crim.P. 32(c)(3)(D) because it failed to rule on controverted matters in the presentence report is also without merit. Spence claimed first that the court did not rule on his assertion that the report erroneously reported that he had not filed taxes. The court's statement that it was accepting the presentence report is an implicit ruling against Spence on this matter. Spence's contention that the court did not rule on his claim that the report incorrectly reported that a different gun was involved in a Colorado conviction is also meritless. The court, by stating that Spence was not being sentenced based on a reputation as a gun runner implied that the number of guns he had possessed also was not a factor at sentencing. See United States v. Perrera, 842 F.2d 73, 76 (4th Cir.), cert. denied, 488 U.S. 837 (1988).
 
 
 8
 Finally, Spence's assertion that trial counsel was ineffective is not appropriately raised on direct appeal, but should be raised, if at all, in a collateral proceeding. Nothing in the record suggests any obvious error by counsel that would amount to a constitutional violation. See United States v. Fisher, 477 F.2d 300, 302 (4th Cir.1973).
 
 
 9
 Finding no merit in these arguments and finding no other error upon review of the record, we affirm the judgment of conviction. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A, counsel has the obligation to advise Spence in writing of his right to petition the United States Supreme Court for a writ of certiorari and, if Spence so desires, to prepare the necessary papers. We therefore deny counsel's request to withdraw from further representation. We dispense with oral argument because the facts and legal arguments are adequately presented in the record and briefs and oral argument would not aid the decisional process.
 
 
 10
 AFFIRMED.