992 F.2d 1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel J. KAYLOR, Defendant-Appellant.
 No. 92-5860.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1993.
 
 Before JONES and BATCHELDER, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This federal prisoner, by counsel, appeals his sentence imposed following his conviction for one count of possession of firearms by a felon, in violation of 18 U.S.C. § 922(g)(1). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Additionally, counsel for both parties have agreed to waive oral argument.
 
 
 2
 Daniel Kaylor pleaded guilty to the charge of possession of firearms by a felon. At sentencing, the district court determined that the offense level should be decided by cross-reference to the base offense level for aggravated assault based on its finding that Kaylor used the weapon in connection with that specific offense. U.S.S.G. §§ 2A2.2(a) and (b)(2)(C), 2K2.1(c) and 2X1.1(a). The district court then reduced the offense level by two points for acceptance of responsibility. U.S.S.G. § 3E1.1. Kaylor was sentenced to fifty-seven months imprisonment and three years supervised release, and ordered to pay a fifty dollar special assessment.
 
 
 3
 On appeal, Kaylor asserts that application of the base offense level for aggravated assault was unlawful because it is based on alleged conduct for which he was neither tried nor convicted.
 
 
 4
 Upon review, we conclude that Kaylor's appeal lacks merit. The guideline for felon-in-possession charges, § 2K2.1, specifically provides for cross-reference where distinct offense conduct is implicated. United States v. Madewell, 917 F.2d 301, 306 (7th Cir.1990). The cross-reference requires sentencing based on the other offense conduct even though the conviction is only for the unlawful possession of a firearm. See United States v. Willis, 925 F.2d 359, 361 (10th Cir.1991). Moreover, contrary to Kaylor's argument, the cross-reference may be applied even where defendant was not charged with the other offense. See Madewell, 917 F.2d at 305-06. The other offense conduct need be established only by a preponderance of the evidence. See McMillan v. Pennsylvania, 477 U.S. 79, 92 (1986); United States v. Bronaugh, 895 F.2d 247, 251 (6th Cir.1990). The district court's finding in the present case, that the offense conduct of aggravated assault was established by a preponderance of the evidence, is not clearly erroneous. See United States v. Perez, 871 F.2d 45, 47 (6th Cir.), cert. denied, 492 U.S. 910 (1989).
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.