**UNITED STATES of America,**

v.

**Bibi Ayanda COFIELD, Defendant.**

**No. ACT. 4:01CR79.**

United States District Court,
E.D. Virginia,
Newport News Division.

April 1, 2002.

897

Janet S. Reincke, Assistant United States Attorney, Norfolk, VA, for USA.

Jeffrey W. Shaw, Esquire, Dusewicz Soberick, P.C., Gloucester Point, VA, for Defendant.

## OPINION

REBECCA BEACH SMITH, District Judge.

On July 20, 2001, a Grand Jury in the Eastern District of Virginia returned a three-count indictment charging defendant, Bibi Ayanda Cofield, with drug and firearms related offenses. Count One charged defendant with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); Count Two charged defendant with using, carrying, and possessing a firearm in connection with a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1); and Count Three charged defendant with possession of a firearm by a drug user, in violation of 18 U.S.C. § 922(g)(3). On September 25, 2001, in accordance with a written plea agreement, defendant pled guilty to Count Three of the indictment.

Prior to the sentencing hearing, defendant's counsel filed an objection to the portion of the Presentence Report ("PSR") that applied a cross-reference between United States Sentencing Commission, *Guidelines Manual*, §§ 2K2.1(c)(1)(A) and 2X1.1(a) (Nov.2001) ("USSG"). The cross-reference increased defendant's adjusted offense level from 18 to 20. Counsel's argument was that the two guideline provisions contain contradictory language regarding whether the cross-reference should be applied, and that non-binding precedent indicated the cross-reference should not be applied. The Fourth Circuit Court of Appeals has not ruled on this issue.

## I. Background

The governing guideline for unlawful possession of a firearm is USSG § 2K2.1. Because the defendant was a "prohibited person" at the time she possessed a firearm, the guideline set her base offense level at 14. USSG § 2K2.1(a)(6).[1] Defendant also possessed the firearm in connection with another felony offense, namely, possession with intent to distribute narcotics. Subsection (b) of the guideline, "Specific Offense Characteristics," mandated a four-point enhancement to defendant's of-

---

1. For the purposes of USSG § 2K2.1(a)(6), a "'prohibited person' means any person described in 18 U.S.C. § 922(g) or § 922(n)." USSG § 2K2.1, comment. (n.6). Defendant pled guilty to violating 18 U.S.C. § 922(g)(3) (possession of a firearm by a drug user).

fense level, increasing her adjusted offense level to 18. USSG § 2K2.1(b)(5). Because the defendant also used the firearm in connection with the commission of another offense, again, possession with intent to distribute narcotics, subsection (c) of the guideline mandated a cross-reference to § 2X1.1:[2]

(c) Cross Reference

(1) If the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense, or possessed or transferred a firearm or ammunition with knowledge or intent that it would be used or possessed in connection with another offense, apply—

(A) § 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined above .... [3]

USSG § 2K2.1(c)(1)(A). When § 2X1.1 is cross-referenced from § 2K2.1(c)(1), the applicable subsection provides the following guidance:

§ 2X1.1. *Attempt, Solicitation, or Conspiracy*

(a) Base Offense Level: The base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be

---

**2.** In *United States v. Nale,* 101 F.3d 1000, 1003–04 (4th Cir.1996), the Fourth Circuit held that the government must prove two elements to support the application of subsection (c)(1): the defendant possessed a gun and "the gun was connected to the offense." To demonstrate that the gun was connected to the offense, the government must demonstrate that the weapon "facilitated or potentially facilitated the offense." *Id.* at 1003.

Defendant did not object to the cross-reference on this basis or to the facts contained within her Presentence Report ("PSR"). *See Fed.R.Crim.P.* 32(b)(6)(D) (court may accept unobjected to facts in PSR as its findings of facts). These facts support the application of both subsection (b)(5) and subsection (c)(1)(A) of § 2K2.1. When defendant was detained by police, she was carrying a .357 caliber semiautomatic pistol in her purse. Pursuant to a subsequent search of the defendant's residence, officers found 3.2 grams of marijuana in the defendant's bedroom dresser. In the bottom drawer of that same dresser, officers found one gun magazine with twenty-nine .357 cartridges and a second gun magazine with nine .357 cartridges; a third gun magazine with ten .357 cartridges was found on a bedroom nightstand. In the defendant's kitchen, officers found 2.1 grams of "crack" cocaine, a set of digital scales, and a utility knife with cocaine residue. (PSR at 4–5, ¶¶ 6–8.) The presence of the ammunition in proximity to the narcotics, combined with the fact that the defendant carried a firearm in

her purse, supports the conclusion that the weapon potentially facilitated defendant's intended drug distribution. Indeed, it is very likely that the defendant carried the weapon for protection. *See United States v. Spurgeon,* 117 F.3d 641, 644 (2d Cir.1997) (holding that possession of a firearm for protection is sufficient to demonstrate a weapon was used "in connection with" a trafficking offense); *see also United States v. Garnett,* 243 F.3d 824, 828–29 (4th Cir.2001) (" 'Used' 'in connection with' language of section 2K2.1(c)(1) is analogous to 'use' 'in relation to' language in [18 U.S.C. § ] 924(c). Such 'use' is defined expansively."). Defendant does not object to the cross-reference on the basis that the firearm facilitated her drug distribution.

**3.** Application note 18 to USSG § 2K2.1 provides a limitation on the definitions of "another felony offense" and "another offense" for the purposes of subsections (b)(5) and (c)(1)(A): "As used in subsections (b)(5) and (c)(1), 'another felony offense,' and 'another offense' refer to offenses other than explosives or firearms possession or trafficking offenses." While the Commentary appears to be ambiguous as to whether subsections (b)(5) and (c)(1) apply to drug trafficking offenses, courts addressing this issue have held that the reference to "trafficking offenses" refers to weapons trafficking offenses. *See, e.g., United States v. Gomez–Arrellano,* 5 F.3d 464, 466 (10th Cir.1993).

established with reasonable certainty.

USSG § 2X1.1(a). This language, when read in light of the cross-reference, required the court to determine defendant's offense level using the guideline for possession with intent to distribute narcotics, USSG § 2D1.1. The PSR attributed to the defendant possession of 3.2 grams of marijuana and 2.1 grams of "crack" cocaine, which converts to 42.0032 kilograms of marijuana. Under § 2D1.1(c)(10), possession of this weight of marijuana produces a base offense level of 20. Because an offense level of 20 is greater than the adjusted offense level of 18 for defendant's possession of the gun, defendant's offense level was determined using USSG § 2D1.1.

## II. Discussion

Defendant notes that the underlying conduct resulting in the cross-reference from USSG § 2K2.1(c)(1)(A) to USSG § 2X1.1—possession with intent to distribute narcotics—was a *completed* offense. She then contends that § 2X1.1 applies only to convictions for "Attempts, Conspiracies, or Solicitations." Based upon this apparent inconsistency between the title of one guideline (§ 2X1.1) and the substance of the other (§ 2K2.1(c)(1)(A)), defendant argues that § 2K2.1(c)(1)(A) mandates that "commission or attempted commission of another offense" be read as "commission [of conspiracy or solicitation] or attempted commission of another offense," thereby adding a modifier, i.e., another prepositional phrase, that is not in the guideline. To further support this argument, defendant relies upon the Commentary to § 2X1.1, Application Note 2, which indicates that "[s]ubstantive offense, as used in this guideline, means the offense that defendant was convicted of soliciting, attempt-

ing, or conspiring to commit. Under 2X1.1(a), the base offense level will be the same as that for the substantive offense." USSG § 2X1.1, comment. (n.2). Defendant reasons that because she was not convicted of an inchoate offense, the cross-reference should not have been applied.

To support this argument, defendant cites a First Circuit case that she claims reached the same conclusion as the one she urges upon this court. In *United States v. Egemonye*, 62 F.3d 425 (1st Cir. 1995), the First Circuit addressed the issue of whether a completed offense can provide the basis for a cross-reference from § 2F1.1,[4] the guideline for offenses involving fraud or deceit, to § 2X1.1. In concluding that it could not, the court noted the following problem with the cross-reference:

> U.S.S.G. § 2X1.1 is concerned with determining the offense level for an *attempt* or *conspiracy* .... Read literally, section 2X1.1 is not applicable to this case because 14 of the 15 counts against Egemonye involved completed substantive offenses .... The problem, in a nutshell, is that section 2X1.1 has on its face nothing to do with a completed substantive offense or a conspiracy that has been continued on to completion.

*Id.* at 429–30. Defendant also cites dicta from the Fourth Circuit in which the appellate court cited *Egemonye* and noted the apparent tension between § 2X1.1 and the cross-reference provision of another guideline (§ 2K2.5(c)(1)(A)) that is also based upon a completed substantive offense:

> Neither Bellamy nor the Government, however, come to grips with the vexing question of whether § 2X1.1 can, by its very terms, ever apply to a completed offense like Bellamy's, where a felon has come into actual possession of a firearm.

---

4. Effective November 1, 2001, § 2F1.1 was deleted by consolidation with § 2B1.1. This deletion does not affect the reasoning relied upon by the defendant.

*See United States v. Egemonye*, 62 F.3d 425, 429 (1st Cir.1995) . . . . The proper application of § 2K2.5(c)(1) in this instance is not easily discerned, and it might plausibly be argued that its reference to "the commission . . . of another offense" pertains to nothing more than the subject matter of § 2X1.1, that is, conspiracies and solicitations.

*United States v. Bellamy*, 264 F.3d 448, 452–53 (4th Cir.2001). The Fourth Circuit did not further address this issue, and a review of the rationale behind the First Circuit's holding convinces this court that, contrary to defendant's assertion, *Egemonye* is not applicable to the facts before this court.

The defendant in *Egemonye* acquired fifty-one stolen credit cards and created numerous false identifications so that one of his associates, who was cooperating with the police at the time, could use the credit cards to obtain cash advances. The defendant was able to obtain cash advances on several of the cards, but was arrested before he could charge the aggregate limit available on the fifty-one cards. In sentencing the defendant, the district court relied upon Commentary to the applicable guideline, § 2F1.1, which provided a cross-reference to § 2X1.1, if particular requirements were met: "In the case of a partially completed offense (e.g., an offense involving a completed fraud that is part of a larger, attempted fraud), the offense level is to be determined in accordance with the provisions of § 2X1.1 . . . whether the conviction is for the substantive offense, the inchoate offense . . ., or both." *Egemonye*, 62 F.3d at 429 (quoting USSG § 2F1.1, comment. (n.9)).

Because the defendant never charged the maximum limits available on the stolen credit cards, he did not complete the intended harm of his offense. Application Note 9 to § 2F1.1, therefore, mandated a cross-reference to § 2X1.1. However, § 2X1.1 treated the yet-to-be-completed portion of defendant's intended harm as an *attempt*. By treating this portion of his conduct as an attempt, the guideline mandated a three-point *reduction* in the defendant's offense level. The First Circuit noted that the problem with this outcome was that the cross-reference blurred two distinct concepts: an incomplete offense and a "completed offense where intended harm is part of the calculus and the harm is only partially completed." *Egemonye*, 62 F.3d at 430. In short, the defendant had completed the substantive offense, possession of the stolen credit cards, but the cross-reference reduced his offense level by treating this conduct as an attempt because the intended harm was not completed. To avoid this outcome, the court determined that § 2X1.1 did not apply to completed substantive offenses; accordingly, the defendant would not benefit from the three-point reduction provided in § 2X1.1. *See Egemonye*, 62 F.3d at 430.

In contrast, the cross-reference in this case served to *increase* the defendant's total offense level. Indeed, § 2K2.1(c)(1)(A) provides that the cross-reference should be applied only if doing so would result in an increase in the defendant's offense level. By its very terms, then, the cross-reference at issue before this court cannot trigger the anomaly at issue before the court in *Egemonye*. Indeed, the reasoning of *Egemonye* is such that had the cross-reference at issue before the First Circuit increased the defendant's offense level, the court likely would have reached a different conclusion. Thus, this court concludes that the holding in *Egemonye* is limited to the facts that were before that court, and the holding does not support defendant's position in this case under a different controlling guideline and different facts.

Other circuit courts have addressed a closely-related issue to the one before this

court, namely, whether the cross-reference from § 2K2.1 to § 2X1.1 requires that the defendant be convicted of the offense supporting the cross-reference.[5] These courts have held that it does not. The Eighth Circuit provided a succinct explanation of why this is so:

> We reject [defendant's] argument that, under the 1991 amendment, a prerequisite for applying section 2X1.1 to him is a conviction for aggravated assault. The commentary to the 1991 version of section 2X1.1 requires the use of the Guideline applicable to the substantive offense that the defendant was "convicted" of attempting, soliciting, or conspiring to attempt. Section 2X1.1., comment. (n.2) (1991). We conclude, however, that, when read in context, this commentary applies only if section 2X1.1 is applied directly, rather than as a cross-reference from section 2K2.1. The cross-reference language provision contains no language requiring that the defendant be convicted of the other offense. *See* U.S.S.G. § 2K2.1(c)(1)(A) (1991) ....

*United States v. Smith,* 997 F.2d 396, 397 (8th Cir.1993); *United States v. Branch,* 91 F.3d 699, 743 (5th Cir.1996) (reaching same conclusion and quoting *Smith*); *see also United States v. Kaylor,* 1993 WL 137087, at *1 (6th Cir. Apr.29, 1993) (unpublished) (employing cross-reference based on conduct for which defendant had not been convicted); *United States v. Willis,* 925 F.2d 359 (10th Cir.1991) (same);

*United States v. Madewell,* 917 F.2d 301, 305–06 (7th Cir.1990) (abrogated on other grounds) (same).

The reasoning articulated by the Fifth and Eighth Circuits is compelling and applicable to the case at bar. The controlling guideline for the cross-reference to § 2X1.1 is § 2K2.1, and nothing in the latter guideline requires that a defendant be convicted of an offense to employ the cross-reference to § 2X1.1. All that is required is that the defendant "use[d] or possess[ed] any firearm or ammunition in connection with the commission ... of another offense." USSG § 2K2.1(c)(1). The guideline then mandates a cross-reference to § 2X1.1.

A parallel conclusion that follows from this reasoning is that the cross-reference from § 2K2.1 to § 2X1.1 applies for completed offenses, not just for inchoate offenses. *Black's Law Dictionary* defines "commission" as the "[d]oing or perpetration of a criminal act." *Black's Law Dictionary* 272 (6th ed.1991). Giving this language its natural reading, the word "commission" contemplates a completed offense. Employing the reasoning of *Smith* and *Branch,* this language of the controlling guideline, § 2K2.1, governs the cross-reference to § 2X1.1, and, therefore, the cross-reference applies for completed offenses, as well as attempted offenses. To paraphrase *Smith,* the cross-reference language contains no language limiting the cross-reference to attempts, solicitations or conspiracies. *See Smith,* 997 F.2d at 397;[6] *see also United States v. Duguay,*

---

**5.** Defendant has not raised this issue with the court. *See supra* at 899 and note 2.

**6.** The court notes that at least one circuit court employed different reasoning from the court in *Smith,* although it ultimately reached the same outcome as did the *Smith* court. *See United States v. Drew,* 200 F.3d 871, 878–79 (D.C.Cir.2000) (citing *Branch* and *United States v. Fleming,* 8 F.3d 1264, 1266 (8th Cir.1993)). The court in *Drew* recognized

that the term "substantive offense," as defined in Application Note 2, is used in subsections (a) and (b) of § 2X1.1, but not in subsection (c). *Drew* then concluded that a cross-reference from § 2K2.1 to § 2X1.1(a) and 2X1.1(b) would be subject to the Commentary contained in Application Note 2. In *Smith,* the Eighth Circuit expressly held that the Commentary in Application Note 2 does not apply to a cross-reference from § 2K2.1 to

1998 WL 690949, at *3–*4 (7th Cir. Sept.25, 1998) (upholding cross-reference from § 2K2.1(c)(1)(A) for a completed offense).

In summary, the language contained in § 2K2.1 controls the cross-reference to § 2X1.1, and the Commentary in Application Note 2 of § 2X1.1 does not apply to the cross-reference from that controlling guideline. The logical conclusion from this reasoning is that the cross-reference from § 2K2.1 to § 2X1.1(a) encompasses both completed offenses and inchoate offenses, as well as offenses for which a defendant has not been convicted.

### III. Conclusion

For the reasons set forth above, the court OVERRULES defendant's objection to her PSR. Because the cross-reference contained in USSG § 2K2.1(c)(1)(A) applies to completed offenses, the PSR correctly employed a cross-reference from § 2K2.1 to § 2X1.1(a) to determine defendant's adjusted offense level.

The Clerk is DIRECTED to send a copy of this Opinion to counsel for defendant and to the Assistant United States Attorney.[7]

---

§ 2X1.1(a). *See Smith,* 997 F.2d at 397 & n. 2; *id.* at 398 n. 3 (dissent) (correcting appellee by noting that a cross-reference from § 2K2.1 to § 2X1.1(a), not to § 2X1.1(c), was the issue before the court); *see also Branch,* 91 F.3d at 743 (citing *Smith* with approval). At least three other circuit courts implicitly have reached the same conclusion. *See Duguay,* 1998 WL 690949, at *3–*4 (unpublished) (upholding cross-reference to § 2X1.1(a) based on conduct for which defendant had not been convicted, thereby implicitly not applying Application Note 2 to the cross-reference); *Kaylor,* 1993 WL 137087, at *1 (unpublished) (same); *United States v. Willis,* 925 F.2d 359, 360–61 (10th Cir.1991) (same).

7. The court ruled from the bench at sentencing, but reserved the option to issue a written opinion.