**UNITED STATES of America,**

v.

**Robert Tremayne STOVALL, Defendant.**

**No. CR. 4:02CR14.**

United States District Court, E.D. Virginia, Newport News Division.

Filed: July 24, 2002.

Janet W. Reincke, Assistant United States Attorney, Norfolk, VA, for USA.

Walter B. Dalton, Office of Public Defender, Norfolk, VA, for defendant.

## OPINION

REBECCA BEACH SMITH, District Judge.

On February 12, 2002, pursuant to a written plea agreement, defendant Robert Tremayne Stovall pled guilty to a one-count criminal information that charged him with theft from a federal firearms licensee, in violation of 18 U.S.C. § 922(u). Prior to the sentencing hearing, defendant's counsel filed an objection to the portion of the Presentence Report ("PSR") that applied an enhancement to defendant's base offense level under United States Sentencing Commission, *Guidelines Manual,* ("USSG"), § 2K2.1(b)(5). The four-point enhancement increased defendant's offense level from 18 to 22. Counsel's argument was that the enhancement should not be applied because defendant was not involved in any felony offense other than the conduct underlying the firearms theft offense for which he was convicted and being sentenced.

### I. Background

The guideline governing a violation of 18 U.S.C. § 922(u) is USSG § 2K2.1. Because the defendant was a "prohibited person" at the time he committed the instant offense, his base offense level was 14. USSG § 2K2.1(a)(6).[1] As the PSR detailed, defendant's offense level was increased as a result of specific offense characteristics listed in § 2K2.1(b). First, he received a two-level increase because the offense in-

---

1. Application Note 6 to USSG § 2K2.1 defines "prohibited person" as used in § 2K2.1(a)(6) as "any person described in 18 U.S.C. § 922(g) or § 922(n)." USSG § 2K2.1, comment. (n. 6). Defendant qualifies as a prohibited person under § 922(g) because of his prior felony convictions. *See* PSR Worksheet C (Criminal History).

volved three to seven firearms. USSG § 2K2.1(b)(1)(A). Next, he received a two-level increase because the firearms were stolen. USSG § 2K2.1(b)(4). Finally, he received a four-level enhancement because he used or possessed the firearms in connection with another felony offense. USSG § 2K2.1(b)(5). Defendant objected to this four-level enhancement in a position paper filed on May 3, 2002.

Section 2K2.1(b)(5), ("the (b)(5) enhancement"), states: "If the defendant used or possessed any firearm or ammunition in connection with *another felony offense;* or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels." USSG § 2K2.1(b)(5) (emphasis added). The probation officer applied the enhancement in the PSR on the basis that the other felony offense defendant committed was the state law crime of burglary, to which the government agreed in its response to defendant's objection, filed on May 8, 2002.

The language in § 2K2.1(b)(5) required the court to determine whether the state law crime of burglary could constitute "another felony offense" for purposes of the (b)(5) enhancement, when defendant's federal conviction was for the same theft-of-firearms conduct. In other words, defendant committed burglary when he stole the firearms. At the sentencing hearing held May 9, 2002, the court sustained defendant's objection and held that the (b)(5) enhancement was not applicable in calculating defendant's offense level under the Sentencing Guidelines. Judgment was filed on May 14, 2002.[2]

## II. Discussion

■ Defendant argued that the (b)(5) enhancement should not be applied because the underlying conduct for the state crime of burglary is the same as the underlying conduct for the federal crime of theft from a federal firearms licensee. Simply put, defendant argued he committed one offense, and the mere fact that it could be charged as both a federal firearms theft and a state burglary does not justify the (b)(5) enhancement for committing another felony offense. The government had the burden of showing facts necessary to establish the applicability of the enhancement in § 2K2.1(b)(5) by a preponderance of the evidence. *United States v. Garnett,* 243 F.3d 824, 828 (4th Cir.2001). The government relied on the facts as stated in the PSR.

The Fourth Circuit Court of Appeals has not addressed the issue of applying the (b)(5) enhancement to a situation like defendant's.[3] Other circuits have addressed this issue, but are split over whether the (b)(5) enhancement should apply when the same conduct that resulted in the federal conviction could have been charged as a state felony. The Fifth Circuit Court of Appeals has held that the (b)(5) enhancement can be applied when the same conduct is a felony under state and federal law. Conversely, the Sixth and Seventh Circuit Courts of Appeals have held that

---

**2.** Although the court ruled from the bench at the sentencing hearing, and entered judgment thereon, the court reserved the option to issue a written opinion at a later date to memorialize its ruling.

**3.** The Fourth Circuit has only faced the applicability of the (b)(5) enhancement to a situation like defendant's on a plain error review under Federal Rule of Criminal Procedure

52(b). In an unpublished opinion, the court declined to address the merits of the defendant's claim that the enhancement should not have been applied, because the court found that a split among circuit courts prevented any error that occurred from meeting the plain error standard. *See United States v. Carlton,* 2001 WL 739246, *3–4 (4th Cir. July 2, 2001).

the (b)(5) enhancement cannot be applied when the felony offense and "another felony offense" arise from the same conduct.

In *United States v. Armstead*, the Fifth Circuit faced the dilemma of ascertaining whether burglary could constitute " 'another' offense even though it arose contemporaneously with the primary offense, theft of firearms from a licensed firearms dealer." 114 F.3d 504, 513 (5th Cir.1997). The court held that the defendants' offense level for their conviction under 18 U.S.C. § 922(u) could be enhanced under § 2K2.1(b)(5) for the possession of the firearms in connection with the state law crime of burglary. *Id.* The court reasoned that once the defendants had possession of the firearms in the pawn shop, they could have used the firearms in furtherance of the burglary. *Id.* The court found support in Amendment 374 of the Guidelines, which notes that "[t]he firearms statutes often are used as a device to enable the federal court to exercise jurisdiction over offenses that otherwise could be prosecuted only under state law." *Id.* (quoting USSG App. C, Amend. 374).[4]

In stark contrast, the Sixth Circuit held in *United States v. Sanders* that because § 2K2.1(b)(5) contemplates the possession of the firearm in connection with *another* felony offense, it implicitly requires "a finding of a separation of time between the offense of conviction and the other felony offense, or a distinction of conduct between that occurring in the offense of conviction and the other felony offense." 162 F.3d 396, 400 (6th Cir.1998). In that case, the government sought the (b)(5) enhancement in sentencing a defendant charged with stealing firearms from a pawn shop and convicted of transporting those stolen weapons, in violation of 18 U.S.C. § 922(i), and being a convicted felon in possession

of the firearms, in violation of 18 U.S.C. § 922(g)(1). The district court applied the (b)(5) enhancement, finding the defendant had committed "another felony offense," namely the burglary in which he stole the firearms. 162 F.3d at 398.

On appeal, the Sixth Circuit reversed the district court. *Id.* at 399–400. The appellate court ruled that the theft-of-firearms charge was properly included as relevant conduct, but it concluded the (b)(5) enhancement was inappropriate because the state law burglary charge and federal law theft-of-firearms charge arose "from the same conduct." *Id.* at 401. Given that most offenses can be prosecuted under multiple provisions of federal and state laws, the court reasoned that allowing the (b)(5) enhancement against the defendants would lead to the automatic application of a significant four-level enhancement in almost every federal gun theft case. *Id.* at 400. In addition, the court stated that applying the enhancement when the two felonies arose from the same conduct would render the word "another," in "another felony offense," "superfluous and of no significance to the application of that provision [of the Guidelines]." *Id.*

The appellate court in *Sanders* also distinguished between the base offense level and specific offense characteristics, finding a base offense level should not be enhanced for a specific offense characteristic that is already accounted for in the base offense level. *Id.* at 401–02. The court determined that the theft of the firearms behavior was included in setting the base offense level of 14, while applicable specific offense characteristics took into account the number of firearms involved and the fact that they were stolen. *Id.* Therefore, the court declined to increase the base

---

4. The court does not find such reasoning compelling because the district court in *Armstead* already had jurisdiction over the defendants' offense conduct as a violation of 18 U.S.C. § 922(u).

offense level by four levels for conduct that was already included in the Guidelines calculation. *Id.* at 402.

In addition to the Sixth Circuit, the Seventh Circuit has also held the (b)(5) enhancement cannot be applied when "the state law offense and the federal offense [are] essentially the same crime." *United States v. Szakacs,* 212 F.3d 344, 349 (7th Cir.2000) (finding federal offense of conspiracy to steal firearms from a licensed firearms dealer and state offense of conspiracy to commit burglary of a firearms dealer were the same offense conduct, and stating that applying the (b)(5) enhancement in such a situation would "denud[e] the word 'another' of all meaning"). The Seventh Circuit issued a blanket rule that the (b)(5) enhancement cannot be applied in situations when the two felony offenses do not have distinct conduct. *Id.* at 351. "Because nearly every federal weapons offense could be simultaneously charged as a state crime, allowing the state crime to count as 'another felony offense' renders that term superfluous; it could just as easily read 'any felony offense.'" *Id.* at 352.

The *Szakacs* court also pointed out that the grouping rules in USSG § 3D1.2 require grouping of offenses with the same harm and victim to avoid double counting for purposes of punishment. *Id.* at 351 n. 2. The court then reasoned that the import of these requirements is that offenses which would be grouped, if under federal law, cannot be treated as "another felony offense" in order to justify a four-point enhancement. *Id.*

Although the Fourth Circuit has not addressed the specific issue in the case at bar, it has applied the (b)(5) enhancement in a manner consistent with the approach of the Sixth and Seventh Circuits. All Fourth Circuit published opinions applying the phrase "another felony offense" have involved felony offenses with distinct conduct. *United States v. Bellamy,* 264 F.3d 448 (4th Cir.2001); *United States v. Garnett,* 243 F.3d 824 (4th Cir.2001); *United States v. Bostic,* 168 F.3d 718 (4th Cir. 1999); *United States v. Cutler,* 36 F.3d 406, 408 (4th Cir.1994) (stating that in the context of § 2K2.1(b)(5), the word "another" simply "means 'additional, one more.'"). This court's own opinions discussing § 2K2.1(b)(5) have also involved offenses with distinct conduct. *See United States v. Cofield,* 204 F.Supp.2d 896, 897–98 (E.D.Va.2002); *United States v. Moon,* 181 F.Supp.2d 596, 603 (E.D.Va.2002).

In *Garnett,* 243 F.3d at 826–27, a defendant who stole a firearm and pled guilty to a violation of 18 U.S.C. § 922(j) appealed the district court's application of the (b)(5) enhancement on the basis that there was not a second felony offense. The Fourth Circuit first considered the government's argument that defendant's other felony offense was conspiracy to possess with intent to distribute cocaine base, but found that the sentencing court had not made the requisite findings to justify the (b)(5) enhancement on that ground. *Id.* at 829. The appellate court next independently examined the record for any conduct that would make the enhancement applicable, outside of the district court's stated basis for imposition of the enhancement. *Id.* at 830. Notably, in discussing two possible bases for the enhancement, the appellate court did not discuss the possibility that defendant had committed any state law felony offense by stealing the firearm that would qualify him for the (b)(5) enhancement.

### III. Conclusion

This court agrees with the reasoning of the Sixth and Seventh Circuits that application of the (b)(5) enhancement is not appropriate when the second felony offense does not involve different conduct from the first offense. The court finds the

reasoning of those courts persuasive and in accord with prior decisions of the Fourth Circuit. The (b)(5) enhancement should not be applied when the other felony offense is a potential state charge for the same offense conduct. In the case at bar, defendant's offense level should not be increased four levels pursuant to USSG § 2K2.1(b)(5). Portraying defendant's offense conduct, stealing firearms from a federal firearms licensee, as the two separate and distinct felony offenses of theft of firearms from a federal firearms licensee and of burglary of the same firearms licensee at the same time, is merely giving different descriptions to the same offense. There is no allegation that defendant possessed any firearm when entering the store or any allegation that he utilized any of the stolen firearms to commit any crime after the theft. Guidelines § 2K2.1(b)(5) contemplates two separate felony offenses, involving different offense conduct. Therefore, application of the (b)(5) enhancement is not justified on these facts. Accordingly, the court sustained defendant's objection to the Presentence Report and reduced his adjusted offense level from 22 to 18.

The Clerk is **DIRECTED** to send a copy of this Opinion to counsel for the defendant and the Assistant United States Attorney.