**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John R. MASON, Defendant–Appellant.**

No. 91–3419.

United States Court of Appeals, Seventh Circuit.

Argued June 1, 1992.

Decided Sept. 9, 1992.

Scott C. Newman (argued), Asst. U.S. Atty., Office of U.S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Wilson T. Turner, Jr. (argued), Indianapolis, Ind., for defendant-appellant.

Before CUMMINGS, FLAUM, and MANION, Circuit Judges.

FLAUM, Circuit Judge.

John Mason pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and received a 110–month prison sentence and a three-year period of supervised release. On appeal, he disputes the district court's application of the guidelines and raises various constitutional claims regarding the sentencing proceedings. We affirm.

In July 1991, Mason entered into an agreement with the government in which he pled guilty to the firearm possession charge and a related charge of probation violation. Following a two-day sentencing hearing, the district court found that Mason had committed a forcible rape in connection with the firearm possession. Based upon this finding, the court increased Mason's base offense level from 12 to 27, pursuant to the interplay of U.S.S.G. §§ 2K2.1, § 2X1.1, 2X5.1, and 2A3.1, discussed more fully below. The court then applied a four-level enhancement under § 2A3.1(b)(1) for the use or display of a dangerous weapon, and a two-level reduction pursuant to § 3E1.1 for acceptance of responsibility, resulting in a base offense level of 29.

■ Mason first contends that Congress, in enacting 18 U.S.C. § 922(g), intended solely to proscribe the possession of a firearm by a felon. It follows, he argues, that a court may not consider criminal behavior beyond the mere possession of the firearm in sentencing a defendant convicted of violating § 922(g), even when the firearm is used in the commission of another offense. Mason waived this argument by failing to raise it below, *see United States v. Blythe*, 944 F.2d 356, 359 (7th Cir.1991), so we may reverse the district court only if it committed plain error. *United States v. White*, 903 F.2d 457, 466 (7th Cir.1990). We find no such error here. The guideline for felon-in-possession charges provides that "[a]part from the nature of the defendant's criminal history, his actual or intended use of the firearm is probably the most important factor in determining the sentence." U.S.S.G. § 2K2.1 (comment.) (backg'd); *see also United States v. Willis*, 925 F.2d 359, 361 (10th Cir.1991) ("[W]e think it obvious that the culpability—and the resultant punishment—of a person who passively possesses a gun is different than the person who possesses that same gun but also uses it in a drive-by shooting."). As the government correctly points out, "how a firearm is used is of utmost importance in determining the proper sentence for the defendant convicted of its possession." Appellee's Br. at 20–21. We therefore reject this claim.

■ Mason also contends that the district court violated his right to due process by, in essence, sentencing him as a rapist even though he had not in fact been convicted of rape. According to Mason, the district court could enhance his sentence under § 2A3.1(a)(1) only if he had been convicted of violating a state criminal statute. He claims that by enhancing his sentence for rape—a crime of which he was never convicted—the district court essen-

tially tried a rape case over which it "had no jurisdiction," thereby violating his fifth amendment due process rights. Appellant's Br. at 16. Mason's meager arguments on this point are contained in a two-page section of his brief which offers no citation to authority. Although we need not even reach the merits of this claim in light of this failure to comply with Fed. R.App.P. 28, given the substantial increase in Mason's offense level resulting from the enhancement, we address his substantive argument.

Here, Mason's initial offense level under § 2K2.1 was 12. Section 2K2.1 provides, however, that "if the defendant used or possessed [a] firearm in connection with the commission *or attempted commission* of another offense, apply § 2X1.1 ... in respect to that other offense if the resulting offense level is greater than that determined above." U.S.S.G. § 2K2.1(c)(1) (emphasis added). Section 2X1.1(a), in turn, provides that the base offense level under this section shall be "the base offense level from the guideline for the substantive offense...." As we recognized in *United States v. Madewell*, 917 F.2d 301, 306 (7th Cir.1990), this

> can only mean one of two things—either reference to a defendant's offense conduct or reference to the charged offense. Because reference to § 2X1.1 comes from the charged offense, it would be illogical for us to read § 2X1.1 as requiring the sentencing court to look back to the charged offense. Rather, ... § 2X1.1's reference to the "[substantive] offense" must be interpreted as a reference to those guidelines applicable to the offense conduct underlying a charged offense.

The district court here correctly found that the offense conduct underlying Mason's felon-in-possession offense was the commission of an act of sexual assault. Since no specific federal sentencing guideline covers sexual assault or rape, the court applied the "most analogous" guidelines section pursuant to § 2X5.1, and determined it to be § 2A3.1, Criminal Sexual Abuse, which established a base offense level of 27. Although the increase in Mason's base offense level (from a 12 to a 27) was dramatic, it was permissible under the Guidelines and, therefore, contrary to Mason's contentions, the district court properly applied § 2A3.1.

Mason maintains, however, that the use of underlying conduct to boost felon-in-possession sentences under 18 U.S.C. § 922(g) amounts, in practice, to a conviction on the uncharged offense of sexual assault—a charge which, he notes, was dismissed in state court. Mason's assertions notwithstanding, the Commentary accompanying § 2K2.1 endorses this practice:

> [T]he firearm statutes often are used as a device to enable the federal court to exercise jurisdiction over offenses that otherwise could be prosecuted only under state law. For example, a convicted felon may be prosecuted for possessing a firearm if he used the firearm to rob a gasoline station. Such prosecutions result in high sentences because of the true nature of the underlying conduct. The cross reference at § 2K2.1(c)(2) deals with such cases.

U.S.S.G. § 2K2.1(c)(2) (comment.) (backg'd); *see Madewell*, 917 F.2d at 306 (quoting same). Similar arguments have been rejected by other courts. In *United States v. Willis, supra*, for example, the defendant argued that the district court's enhancement of his sentence to reflect the state crime of aggravated assault misapplied the Guidelines because it essentially established a criminal category for a non-federal crime. The Tenth Circuit rejected this contention, observing that "Congress has not, through the cross reference clause, federalized a state crime. Instead, the cross reference merely allows the sentence for the charged crime ... to reflect the reality of the crime." *Id.* at 361; *see also United States v. Bronaugh*, 895 F.2d 247, 251 (6th Cir.1990) ("[I]ncreases are possible under the guidelines, not only where the other crime is uncharged, but where the other crime does not even come within the jurisdiction of the federal courts."). We agree with the Sixth Circuit's observation that while the "piggy-back philosophy" reflected in the commentary to § 2K2.1 is a

controversial one, the controversy "turns on congressional judgments that are not subject to amendment by the judiciary." *Bronaugh*, 895 F.2d at 251.

Mason also challenges several procedural aspects of his sentencing hearing. He first contends that he was unduly prejudiced by the testimony of Probation Officer Dae Lynn Hollis, who testified that Mason had told her during a presentence investigation interview that he did not have sexual intercourse with the victim on the night of his arrest. This testimony, Mason alleges, violated his due process rights because it contradicted his own testimony at sentencing, in which he admitted to having consensual intercourse with the alleged victim. Mason waived this claim by failing to raise it below, and, furthermore, it is utterly lacking in merit.

Although framed as a due process challenge, this contention boils down to an argument that the district court made incorrect credibility determinations. While Mason's brief is replete with statements attacking the credibility of Hollis—he alleges, for example, that Hollis "falsely" told the court that Mason denied ever having sex with Lyles, and that "[a]t best, Ms. Hollis was mistaken[;] at worst, she lied and committed perjury," Appellant's Br. at 8—he offers no case law or evidentiary support for his contentions. To succeed on this claim, Mason must show the information before the district court was inaccurate, and that the court relied on it. *United States ex rel. Welch v. Lane*, 738 F.2d 863, 865 (7th Cir.1984). In *United States v. Musa*, 946 F.2d 1297 (7th Cir.1991), we addressed a similar scenario in which the defendant challenged the credibility of a government witness. There, as here, the defendant offered nothing on appeal—aside from his own uncorroborated version of the facts—to demonstrate that the sentencing court's credibility determinations were clearly erroneous. *Id.* at 1306–07. The district court faced a "credibility contest," which Musa lost. *Id.* at 1306. We refused to disturb the court's findings at sentenc-

ing there, *id.* at 1307, and we likewise decline to do so here.

Mason next claims that he somehow was unduly prejudiced by the similarity between the presentence report's version of the offense and the version contained in the government's sentencing memorandum, although once again he cites not a shred of authority to support his contention in flagrant disregard of Fed.R.App.P. 28. Notwithstanding that this argument is waived, *see Sere v. Board of Trustees of Univ. of Ill.*, 852 F.2d 285, 287 (7th Cir.1988); *Sanchez v. Miller*, 792 F.2d 694, 703 (7th Cir. 1986), *cert. denied*, 479 U.S. 1056, 107 S.Ct. 933, 93 L.Ed.2d 984 (1987), we note that the record makes it clear that the district court considered Mason's version of the facts even though he submitted them 18 days after the deadline. Although Mason's delay apparently precluded Hollis from including his version of the facts in the presentence report, the district court explicitly considered it nonetheless:

> I'll take a look at those objections, if you will get those up to me, and I will direct the clerk to file the defendant's version of the facts so that we have it in the record here.

> In reviewing these objections and the defendant's version of the facts, it certainly clarified what I thought was going to be the case ...

III Tr. at 7–8. Not only has Mason waived this issue by failing to comply with Rule 28, but even were it properly presented, he was not prejudiced by the similarity between the presentence report's version of the offense and that contained in the government's sentencing memorandum.

■ Finally, Mason alleges that he was denied his sixth amendment right to confront witnesses because his accuser did not testify at the sentencing hearing. His cursory argument, in its entirety, reads as follows:

> The Defendant was also denied his Sixth Amendment right to confront and examine his accuser. The accuser chose not to attend the sentencing hearing. The Defendant was also denied his Sixth Amendment rights to a speedy trial by jury and to have witnesses testify in his behalf.

Appellant's Br. at 16. Mason does not challenge the district court's evidentiary findings, but rather, limits his contention to the fact that his accuser did not appear in person at the sentencing hearing. When the deposition of his accuser was admitted at sentencing, Mason's counsel objected only on the issue of reliability, *see* III Tr. at 13–14 ("As far as the deposition, the victim wasn't available to testify today, [so there was] no opportunity for me to cross-examine her here today.... So I think that the reliability there—I think that is what we are looking at, the reliability issue...."), and so the confrontation clause argument is waived absent plain error. *United States v. Snyder*, 872 F.2d 1351, 1354 (7th Cir.1989). Moreover, on appeal Mason cites no case law in support of his argument and fails to support his contention with facts from the record. Therefore we need not, and do not, address this constitutional claim. *See John v. Barron*, 897 F.2d 1387, 1393 (7th Cir.) ("Rule 28(a)(4) plainly requires more than a one page argument unsupported by any authority."), *cert. denied*, —— U.S. ——, 111 S.Ct. 69, 112 L.Ed.2d 43 (1990). Without a factual or legal basis before us, we will not consider his bare allegation of a sixth amendment violation.

We note with appreciation the thorough brief filed by the government.

AFFIRMED.