980 F.2d 733
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
SCHUNTERMANN CORPORATION, a Delaware Corporation, and Alan
Breckinridge, Jr., Plaintiffs/Appellees,
v.
Lasse KOERM, Defendant/Appellant.
 No. 91-3620.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 1, 1992.*
Decided Dec. 3, 1992.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Schuntermann & Benninghoven GmbH (S & B) is a German corporation that at one time sold its goods on consignment through Schuntermann Corporation. Schuntermann was an Illinois corporation run primarily by Lasse Koerm, an employee, officer, and director of Schuntermann. In late 1988 S & B decided to close its operations in Illinois (S & B subsequently dissolved the corporation in Illinois and formed in Delaware a new corporation called Schuntermann), so it notified Koerm that he would lose his job. Schuntermann was insolvent when S & B made this decision. Because it was insolvent, Koerm did not get money that he felt S & B owed him under a prior agreement. An S & B representative in the United States, Alan Breckinridge, struck an agreement with Koerm over how Koerm and S & B would divide the property from the Illinois office. Pursuant to that agreement Breckinridge removed from the office that property which the parties agreed would go to S & B. Koerm's property was left in the office, but he eventually abandoned most if not all of it. Koerm felt snubbed by S & B's failure to pay him the money he had anticipated, and he thought that he was entitled to some of the property that Breckinridge removed pursuant to the agreement. He first dealt with these perceived slights by writing many letters to Breckinridge in which he threatened to press criminal charges against Breckinridge and S & B for taking his property. This tactic failed--in part because the state's attorney did not deem the charges worth criminal investigation leaving Koerm without anything to back up his threats--so Koerm tried another approach. He gathered a list of all Schuntermann's actual and potential customers. He mailed letters to these customers telling them that any items which they received from Schuntermann they should consider stolen goods because that is how Schuntermann ran its business.
 
 
 2
 Schuntermann of Delaware and Alan Breckinridge brought this suit alleging that Koerm's letters defamed them, amounted to a tortious interference with business relations, and was libel per se. The court awarded Breckinridge $20,000, Schuntermann $25,000 in costs and attorney's fees, and $1000 in general damages. Koerm appeals the court's ruling.
 
 
 3
 Koerm offers no legal basis for overturning the award of damages to the plaintiffs. "Rule 28(a)(4) of the Federal Rules of Appellate Procedure requires that an appellant's argument 'contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statues and parts of the record relied on.' " John v. Barron, 897 F.2d 1387, 1393 (7th Cir.1990). Koerm's brief does not contain a legal argument, something his status as a pro se party does not excuse. McCotrell v. EEOC, 726 F.2d 350, 351 (7th Cir.1984).
 
 
 4
 Koerm disputes only the judge's factual findings, but he offers nothing to show that they are clearly erroneous. The facts as laid out above reflect the findings of fact made by the judge who conducted a bench trial before ruling on the case. The judge listened to the testimony, including Koerm's testimony, reviewed all the evidence, and made his findings accordingly. We must defer to these findings unless they are clearly erroneous. Anderson v. City of Bessemer, 470 U.S. 564, 574 (1985); United States v. Mason, 974 F.2d 897, 900 (7th Cir.1992) (factfinder best suited to determine credibility of witnesses). The record fully supports the court's findings, Koerm's disagreements notwithstanding. Because Koerm fails to make a legal argument and cannot show that the court clearly erred in its factual findings, we AFFIRM the judgment of the district court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs