62 F.3d 1419
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Otis DOLPHIN, Jr., Plaintiff-Appellant,
v.
Gary STARKMAN, Illinois Racing Board Chairman, Defendant-Appellee.
 No. 94-1693.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 29, 1995.*
Decided July 12, 1995.
 
 1
 Before Cummings, Bauer and Coffey Circuit Judges.
 
 ORDER
 
 2
 Otis Dolphin, Jr. appeals from the district court's dismissal of his complaint for lack of subject matter jurisdiction. Dolphin attempted to "sue the defendant Gary Starkman for Ten Billion Dollars for malfeasance, racketeering, financial misconduct, felonious fraud, conspiracy, and consumer deceit."[1] The district court sua sponte dismissed the complaint for lack of subject matter jurisdiction, holding that Dolphin failed to allege facts showing diversity jurisdiction pursuant to 28 U.S.C. Sec. 1332 or federal question jurisdiction under 28 U.S.C. Sec. 1331. The court went on to discuss the merits of defendant's motion to dismiss, finding that Dolphin failed to plead any facts showing an actionable claim for relief.
 
 
 3
 On appeal, Dolphin has not addressed how the district court erred in its ruling and continues to make unsubstantiated, vague, and conclusory allegations.[2] Rule 28(a)(6) of the Federal Rules of Appellate Procedure requires that the appellant's "argument must contain the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on." Fed. R. App. P. 28(a)(6). Arguments presented on appeal must be adequately developed and supported with citation to legal authority and facts in the record; we will not consider bare allegations of misconduct where appellant presents this court with no factual or legal basis. See Ehrhart v. Secretary of Health and Human Services, 969 F.2d 534, 537 n. 5 (7th Cir. 1992) ("[C]ompelling the court to take up a burdensome and fruitless scavenger hunt for arguments is a drain on its time and resources."); John v. Barton, 897 F.2d 1387, 1393 (7th Cir.) ("Rule 28(a)(4) [now Fed. R. App. P. 28(a)(6)] plainly requires more than a one page argument unsupported by any authority."), cert. denied, 498 U.S. 821 (1990). Dolphin has failed to cite any basis, either factual or legal, for his arguments and has, therefore, waived these arguments. United States v. Mason, 974 F.2d 897, 901 (7th Cir. 1992) (failure to cite case law or identify facts from the record in support of argument waives argument on appeal); United States v. Fazio, 914 F.2d 950, 959 n. 15 (7th Cir. 1990) (same).
 
 
 4
 Accordingly, this appeal is DISMISSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 In his response to defendant's motion to dismiss, Dolphin stated his cause of action as "faster horses should be ran [sic] instead of slower horses, by which [sic] the racing board has been running in the time of horses [sic]" and claimed that Starkman had engaged in "fraud, illegal powers, racketeering, exploitation, and charlatantry." (R. at 13)
 
 
 [2]
 In his brief, Dolphin cites to no statute or case law to provide a legal basis for his allegations and neither provides information nor identifies facts in the record that may furnish a basis for his claims