73 F.3d 364
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Patsy J. HAMMOND, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2837.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1995.*
Decided Dec. 21, 1995.
 
 Before FLAUM, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Petitioner-appellant Patsy Hammond was convicted of narcotics trafficking in 1988 and sentenced to ten years' incarceration. Hammond moved to set aside her sentence, 28 U.S.C. Sec. 2255, arguing that her conviction, which followed the civil forfeiture of her automobile, violated the Double Jeopardy Clause of the Fifth Amendment. The district court denied Hammond's motion, finding her claims barred by procedural default. Hammond appeals. We affirm.
 
 I.
 
 2
 On July 25, 1988, Hammond was arrested on narcotics trafficking charges and her automobile, a 1985 Lincoln Mark VII, was seized by the FBI on the grounds that it was used to facilitate narcotics trafficking. 21 U.S.C. Sec. 881(a)(4). On August 10, 1988, Hammond was indicted on narcotics trafficking charges. Shortly thereafter, administrative forfeiture proceedings were commenced against the automobile and notice was served upon Hammond. Hammond never filed a claim to the automobile. On January 3, 1989, the Lincoln was administratively forfeited to the United States. On January 6, 1989, Hammond pleaded guilty to conspiracy to distribute cocaine, cocaine distribution, and cocaine distribution within one thousand feet of a school, in violation of 21 U.S.C. Secs. 846, 841(a)(1) and (a)(5).
 
 
 3
 Hammond did not appeal her conviction. Instead, five years later, she filed a motion to set aside her sentence, 28 U.S.C. Sec. 2255, claiming that the forfeiture of the automobile constitutes punishment within the purview of the Double Jeopardy Clause[1] and compels vacation of her criminal conviction.[2] The district court found that Hammond procedurally defaulted these claims by not raising them on direct appeal and failed to establish cause and prejudice for her default. The district court further noted that Hammond's claim were without merit in light of this Circuit's recent decision in United States v. Torres, 28 F.3d 1463 (7th Cir.), cert. denied, 115 S.Ct. 669 (1994).
 
 II.
 
 4
 A 2255 petition is not a substitute for a direct appeal. Olmstead v. United States, 55 F.3d 316, 318 (7th Cir.1995); Doe v. United States, 51 F.3d 693, 698 (7th Cir.1995). A district court may not reach the merits of an appealable issue in a Sec. 2255 proceeding unless the issue has been raised in a procedurally appropriate manner. Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir.1989). Constitutional claims may be raised for the first time in a collateral attack, however, if the defendant can demonstrate cause for the procedural default as well as actual prejudice from the failure to appeal.[3] United States v. Frady, 456 U.S. 152, 167-168 (1982); United States v. Taglia, 922 F.2d 413, 418 (7th Cir.1990), cert. denied, 500 U.S. 927 (1991).
 
 
 5
 In this case, Hammond's failure to file a direct appeal constitutes a procedural default. See Doe, 51 F.3d at 698. Hammond contends that her procedural default should be excused because the Supreme Court's decisions in United States v. Halper, 490 U.S. 435 (1989), United States v. Austin, 113 S.Ct. 2801 (1993), and Montana Department of Revenue v. Kurth Ranch, 114 S.Ct. 1937 (1994) had not issued at the time of her conviction. We need not decide, however, whether this constitutes cause for Hammond's procedural default because it is clear, as the district court found, that Hammond cannot establish actual prejudice from her failure to raise these claims on direct appeal.
 
 
 6
 Hammond's claims are meritless. In United States v. Torres, 28 F.3d 1463, 1465 (7th Cir.), cert. denied, 115 S.Ct. 669 (1994), we held that no jeopardy attached to a civil forfeiture proceeding absent a claim by the defendant:
 
 
 7
 You can't have a double jeopardy absent a former jeopardy. As a nonparty, Torres was not at risk in the forfeiture proceeding, and without a risk of a determination of guilt, jeopardy does not attach and neither an appeal nor further prosecution constitutes double jeopardy.
 
 
 8
 (Citations and quotations omitted). In this case, Hammond chose not to file a claim, suffered no risk of a determination of guilt, and hence was never at jeopardy when the FBI undertook forfeiture proceedings against her automobile.
 
 
 9
 Hammond attempts to distinguish our holding in Torres by claiming that the defendant in Torres was unable to establish that he was the owner of the forfeited cash. By contrast, asserts Hammond, the government clearly knew that she was the owner of the forfeited Lincoln and instituted the forfeiture to punish her.
 
 
 10
 That Hammond was the owner of the Lincoln or that the forfeiture was directed against her is simply irrelevant to the double jeopardy issue. In two recent cases, United States v. Ruth, 65 F.3d 599 (7th Cir.1995) and United States v. Penny, 60 F.3d 1257 (7th Cir.1995), petition for cert. filed, 64 U.S.L.W. 3168 (U.S. Sept. 11, 1995) (No. 95-397), we reiterated that appearance in the civil forfeiture action is a sine qua non of a double jeopardy claim: "Although in reality [the defendant] may have suffered two harms--the loss of property in the forfeiture and the separate threat of loss of liberty from the criminal case--he cannot have been subjected to double jeopardy because he was only a party in a single case (the criminal case)." (emphasis in original). Ruth, 65 F.3d at 604; see also Penny, 60 F.3d at 1260 ("It is irrelevant that Penny believes that the forfeiture action was directed against him; he failed to assert an interest in the property at the forfeiture proceeding and therefore cannot invoke the protections of the fifth amendment double jeopardy clause."). Because Hammond failed to file a claim in the civil forfeiture proceeding, her double jeopardy claim is without merit and the district court correctly found that she was unable to establish prejudice for her procedural default. The decision of the district court denying her Sec. 2255 motion is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No statements were filed. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 The Double Jeopardy Clause of the Fifth Amendment provides: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb...." U.S. Const. amend. V. In United States v. Halper, 490 U.S. 435, 448-49 (1989), the Supreme Court held that "under the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution."
 
 
 [2]
 Hammond also asserts that her conviction violates the Excessive Fines Clause of the Eighth Amendment but presents no argument in support of this claim. As such, this claim is waived. In re Maurice, 21 F.3d 767, 774 (7th Cir.1994) ("This court will not do [appellant's] legal research and analysis."); United States v. Mason, 974 F.2d 897, 901 (7th Cir.1992) (failure to cite case law or identify facts from the record in support of argument waives argument on appeal). See Fed.R.App.P. 28(a)(6)
 
 
 [3]
 There is a narrow exception to the cause and prejudice requirement where a constitutional violation has resulted in the conviction of one who is actually innocent. Murray v. Carrier, 477 U.S. 478, 496 (1986). Hammond does not assert that she is actually innocent and hence this exception does not apply