91 F.3d 146
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael PEARSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-4048.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 3, 1996.
Decided July 17, 1996.
 
 Before BAUER, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Pearson appeals the district court's denial of his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Pearson pleaded guilty to possession of a firearm by a felon, 18 U.S.C. § 922(g), and was sentenced to 84 months imprisonment. Pearson contended in his motion that the sentencing court's application of the sentencing guidelines to his case was incorrect and that his trial and appellate counsel were ineffective for failing to raise the guidelines issue. Because the issue was not raised on direct appeal, the direct challenge to the application of the sentencing guidelines is cognizable in this collateral action only if there were "extraordinary circumstances," coupled with "cause" for not taking a direct appeal. Scott v. United States, 997 F.2d 340, 342-43 (7th Cir.1993). Ineffective assistance of counsel is the only possible "cause" raised by Pearson. Hence, if defense counsel was not ineffective in failing to raise the sentencing guidelines issue, Pearson fails on all three of his claims.
 
 
 2
 The sentencing guidelines issue raised by Pearson is nontrivial. Under the Guidelines, Pearson's sentence was computed according to USSG § 2K2.1(c), which provides that "if the defendant used or possessed any firearm ... in connection with the commission or attempted commission of another offense ..." the guideline for attempt, solicitation, or conspiracy, USSG § 2X1.1, is to be applied "in respect to that other offense." Here the sentencing court found that Pearson's possession of a firearm was "in connection with" an attempted robbery. Therefore the sentencing court looked to USSG § 2X1.1 to determine Pearson's base offense level. Section 2X1.1 mandates the use of "the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty." Following the dictates of this court's ruling in United States v. Mason, 974 F.2d 897 (7th Cir.1992), the sentencing court interpreted the phrase "substantive offense" to apply to the underlying attempted robbery. In Mason we held that this interpretation of the sentencing guidelines was correct, even though the result was a punishment determined to a large extent by conduct of which the defendant had not been convicted.
 
 
 3
 The sentencing court then went one step further, however, and enhanced the sentence above the usual base offense level for attempted robbery. The enhancement was based on Pearson's possession of the firearm during the attempted robbery. Pearson argues that this final enhancement constituted impermissible double-counting, since his sentence, while calculated under the robbery guidelines, was imposed as punishment for the firearm offense. The district court, in ruling on the motion to vacate, stated that this argument was foreclosed by Mason. In fact, though the defendant in Mason was subjected to a similar sentence enhancement, the issue of double counting was neither raised nor decided in that case and remains open in this circuit. Furthermore, the argument advanced by Pearson has been accepted by the Second Circuit in United States v. Concepcion, 983 F.2d 369, 389-90 (2d Cir.1992). Thus, there was certainly a colorable argument to be made that the final enhancement to Pearson's sentencing resulted in impermissible double-counting of the firearm offense.
 
 
 4
 The question becomes, then, whether the failure of Pearson's sentencing or appellate counsel to make this colorable argument constituted ineffective assistance. It would appear from the record that this issue may have been Pearson's strongest argument on appeal, since his direct appeal was based on the sufficiency of the evidence at sentencing--an argument which rarely prevails. United States v. Pearson, (7th Cir.1993) (unpublished).[1] In spite of this, however, we cannot find that counsel's failure to make an argument which, while colorable, would have been novel in this circuit, constituted, under all the circumstances, ineffective assistance of counsel.
 
 
 5
 Thus, while we apply different reasoning than did the district court, we AFFIRM the district court's denial of Pearson's § 2255 motion.
 
 
 
 [1]
 We note in passing that the government's argument that this appeal is governed by the law of the case doctrine is entirely without merit. The arguments Pearson makes in this appeal are entirely distinct from those we decided on Pearson's earlier appeal