UNITED STATES of America,

v.

George MCLAUGHLIN, Appellant.

No. 02–3696.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Nov. 6, 2003.

Decided Nov. 7, 2003.

Appeal from the United States District Court for the Eastern District of Pennsylvania. (Crim. No. 99–cr–00024–01). District Judge: Hon. James McGirr Kelly.

Ewald Zittlau, Office of United States Attorney, Philadelphia, PA, for Appellee.

George McLaughlin, pro se, Cumberland, MD, for Appellant.

Before McKEE and SMITH, Circuit Judges, and GREENBERG, Senior Circuit Judge.

## OPINION

McKEE, Circuit Judge.

George McLaughlin appeals from the district court's judgment of sentence and conviction. For the reasons that follow, we will affirm.

### I.

Inasmuch as we write only for the parties, it is not necessary to recite at length the facts of this case. It is sufficient for our purposes to note that on August 18, 1999, a superseding indictment was returned by a federal grand jury charging McLaughlin with conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371 (Count Four); aiding and abetting an attempted bank robbery in violation of 18 U.S.C. §§ 2113(d) and 2 (Count Five); aiding and abetting the carrying and use of a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count Six); conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371 (Count Seven); armed bank robbery in violation of 18 U.S.C. § 2331(d) (Count Eight); and carrying and use of a firearm during a crime of violence in violation fo 18 U.S.C. § 924(c)(1) (Count Nine).

On April 6, 1999, McLaughlin pleaded guilty and agreed to cooperate with the government pursuant to a written plea agreement. During the guilty plea colloquy, the government set forth the factual basis for McLaughlin's guilty plea to Counts Four through Nine of the superseding indictment. McLaughlin agreed with the government's statement of facts.

The presentence report determined that McLaughlin's offense level was 28 and that his criminal history category was III, producing a guideline range of imprisonment of 97 to 121 months. Prior to sentencing, the government filed a motion for downward departure for substantial assistance pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(3). At sentencing, the government described the substantial assistance provided by McLaughlin. In addition, the parties and the district court agreed that the offense level should be reduced to 27, creating a sentencing range of 87 to 108 months. McLaughlin offered no objections to the sentencing calculations. When the guideline determination was coupled with the mandatory sentences for the § 924(c) offenses, McLaughlin faced a sentencing range of 387 to 408 months.

The district court granted the government's § 5K1.1 motion and on September 17, 2002, McLaughlin was sentenced to concurrent 60 month sentences of imprisonment on Counts Four, Five, Seven and Eight, 60 months imprisonment on Count Six to run consecutive to any other sentence, 96 months imprisonment on Count Nine to run consecutive to any other sentence (for a total of 216 months, or 18 years, imprisonment), five years supervised release, restitution of $1,500, and a $600 special assessment. Thus, the sentencing court granted a substantial departure.

The judgment and commitment order was entered on September 20, 2002. On September 27, 2002, McLaughlin filed a timely notice of appeal.

## II.

Appointed counsel for McLaughlin has filed an brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he is unable to identify any non-frivolous issue for review. An appointed appellate counsel who "finds [a] case to be wholly frivolous, after a conscientious examination of" the case, must so advise the court of appeals and request permission to withdraw. *Anders*, at 744, 87 S.Ct. 1396 (1967). Counsel's request must be accompanied by a "brief referring to anything in the record that might arguably support the appeal." *Id.* That is to say, the brief must identify any "issue arguably supporting the appeal even though the appeal was wholly frivolous," *Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000), "explain why the issues are frivolous," *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir.2000), and show that counsel "thoroughly scoured the record in search of appealable issues." *Id.* at 780; *see also United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001).

Defense counsel's *Anders* brief refers us to the portions of the record that arguably present non-frivolous issues. He has been able to identify the following issues: (1) whether McLaughlin's guilty pleas was entered knowingly and voluntarily; (2) whether the sentence imposed was lawful; (3) whether the evidence supported two 18 U.S.C. § 924(c) violations; and (4) whether McLaughlin was entitled to be sentenced to a maximum sentence of five years. However, McLaughlin's counsel has concluded that any claim of error would be frivolous. We agree that any such claims would lack any basis in law or fact for the reasons explained in the *Anders* brief.

We note, however, that counsel's *Anders* brief was furnished to McLaughlin, who was given time to raise any non-frivolous arguments in a *pro se* brief. As a result, McLaughlin has raised the following issues in his *pro se* brief: (1) whether there is sufficient evidence to support the conviction of aiding and abetting an attempted bank robbery in violation of 18 U.S.C. § 2113(d); (2) whether there is sufficient evidence to support the conviction of aiding and abetting the carrying of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c); (3) whether McLaughlin was entitled to be sentenced to a maximum of five years imprisonment; and (4) whether the sentence was unlawfully enhanced for a prior conviction for which the sentence was less than one year. Each argument is discussed separately below.

(1). Sufficiency of the evidence to support conviction of aiding and abetting an attempted bank robbery in violation of 18 U.S.C. § 2113(d).

■ McLaughlin claims there is insufficient evidence supporting Count Five, charging aiding and abetting an attempted bank robbery in violation of 18 U.S.C. §§ 2113(d) and 2. However, by pleading guilty, McLaughlin waived any challenge to the sufficiency of the evidence. "[A] guilty plea is an admission of all the elements of a formal criminal charge." *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). Therefore, following a guilty plea, a claim of insufficiency of the evidence may not be raised on direct appeal. *See, e.g., United States v. Maher*, 108 F.3d 1513, 1528–29 (2d Cir.1997). At most, McLaughlin could bring a challenge under 28 U.S.C. § 2255, in which he could collaterally assert that his guilty plea was not knowing or voluntary. *See generally United States v. Garth*, 188 F.3d 99 (3d Cir.1999). Such a challenge has not yet been raised.

In any event, there is sufficient evidence to support this conviction. This charge concerns an attempted bank robbery of the United Savings Bank in Philadelphia, Pennsylvania, on or about September 9, 1996. During that attempt, McLaughlin was waiting as a switch car driver while his two co-conspirators, one armed with a handgun, walked up to the bank with the intent to rob it. They changed their minds and left the scene after determining that "it didn't look right." McLaughlin's argument is that he cannot be convicted of aiding and abetting an attempted bank robbery because the actual bank robbery never took place before he withdrew from the conspiracy to rob the bank. However, his argument is without merit.

To establish liability for a crime based on an aiding and abetting theory, the government must prove that the underlying crime occurred and that the defendant knew of the crime and attempted to facilitate it. *Garth*, 188 F.3d at 113. The government must also prove that the defendant had the "specific intent of facilitating the crime … mere knowledge of the underlying offense is not sufficient for conviction." *Id.* (citation omitted). An attempt occurs when the defendant has the intent to commit a crime and performs an act amounting to a substantial step toward the commission of that crime. *United States v. Hsu*, 155 F.3d 189, 198 n. 14 (3d Cir.1998). Here, an attempt conviction requires that McLaughlin acted with the intent to aid and abet an armed bank robbery and took a substantial step toward carrying out that intent. *United States v. Cicco*, 10 F.3d 980, 984–85 (3d Cir.1993).

McLaughlin admitted during his plea colloquy that he participated in the planning of an armed bank robbery which included armed robbery of another individual in order to secure a motorcycle that was used in the planned armed bank robbery.

He also conceded that he was the switch car driver while waiting for his co-conspirators to commit the armed robbery. That is more than sufficient to prove that McLaughlin aided and abetted an attempted armed bank robbery. *United States v. Gordon*, 290 F.3d 539, 547–48 (3d Cir.) (evidence was sufficient to support convictions for aiding and abetting armed bank robberies and related offenses because defendant was a driver and participated in the planning of the crime), *cert. denied*, 537 U.S. 1063, 123 S.Ct. 647, 154 L.Ed.2d 549 (2002).

(2). Sufficiency of evidence to support conviction of aiding and abetting the carrying of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c).

■ McLaughlin also argues that there was insufficient evidence to support his conviction on Count Six, aiding and abetting the carrying of a firearm during, and in relation to, a crime of violence, in violation of 18 U.S.C. § 924(c). This claim is also precluded by McLaughlin's guilty plea. Moreover, it is meritless.

McLaughlin's participation in the conspiracy to commit armed bank robbery (McLaughlin does not challenge the conspiracy conviction under Count Four), as well as his actions in aiding and abetting the attempted armed bank robbery by obtaining the motorcycle at gunpoint during the planning stages of the armed bank robbery, and his role as switch car driver, were sufficient for criminal liability for aiding and abetting the carrying of a firearm during, and in relation to, a crime of violence. *United States v. Gordon*, 290 F.3d at 547–48.

(3). Entitlement to be sentenced to a maximum of five years imprisonment.

■ McLaughlin claims that he was entitled to be sentenced to a maximum term

not exceeding five years imprisonment after FBI Special Agent Roselli promised him a specific sentence for specific information. However, his claim is belied by his own statement at his guilty plea hearing that no one had made any promise to him with respect to a specific sentence in exchange for his guilty plea.

#### (4). Unlawful enhancement.

McLaughlin claims that three points were improperly calculated under his criminal history score for a prior conviction for which he was sentenced to 6–23 months imprisonment (consecutive weekends) and for which he served only six months of the total sentence.

The presentence report determined that the offense level for McLaughlin's offense was 28 and that his criminal history category was III. At sentencing, the parties and the sentencing court agreed that the offense level should be reduced to 27, creating a guideline range of 87–108 months. McLaughlin offered no further objections to the sentencing calculations. When the guideline determination was coupled with the mandatory sentences for the § 924(c) offenses totaling twenty five years, McLaughlin faced a sentencing range of 387–408 months. However, the district court granted a substantial departure and imposed a sentence of 216 months.

The criminal history calculation was based on a finding that McLaughlin had six criminal history points. Three of those points were assessed for a 1985 robbery offense, for which McLaughlin "was sentenced to 6 to 23 months (consecutive weekends)." PSR § 64. McLaughlin now argues that this sentence should not have been accorded three criminal history points because the sentence did not exceed one year and one month. *See* U.S.S.G. § 4A1.1(a).

The government concedes that McLaughlin may have a point. It notes

that one district court has held that a sentence to serve weekends equates to a term of the number of days in those weekends. *See United States v. Valasco*, 847 F.Supp. 580, 587–88 (N.D.Ill.1994). However, even if McLaughlin is correct, the outcome would be the same. The relevant term for purposes of the guidelines is the maximum sentence imposed. U.S.S.G. § 4A1.2(b)(1); *United States v. Shinners*, 892 F.2d 742, 743–44 (8th Cir.1989). If McLaughlin were sentenced to a maximum of 23 months of weekends, that is approximately 200 days. Such a sentence would receive two criminal history points. U.S.S.G. § 4A1.1(b). That would give him a total of five criminal history points, which also puts him in category III, the same category which was applied at sentencing. Thus, any error is harmless.

### III.

For all of the above reasons, we will affirm the judgment of conviction and sentence.