12 F.3d 1103
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Douglas JOHNSON, Appellant.
 No. 93-2071MN.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 13, 1993.
Filed: November 29, 1993.
 
 1
 Appeal from the United States District Court for the District of Minnesota.
 
 
 2
 Douglas Johnson appeals his convictions and sentences for aggravated bank burglary, use of a firearm during a crime of violence, and possession of a firearm by a felon. See 18 U.S.C. Secs. 2113(a), (d); 924(c); 922(g) (1988). We affirm.
 
 
 3
 After responding to a bank's night alarm, an officer observed a man with a bag run in front of his squad car's headlights. The man ran around a building and when the officer pursued, the man shot and wounded the officer. An intense investigation led the police to believe Johnson was the perpetrator. Johnson was residing in his sister's house and nine officers went there to arrest him. Johnson and his sister responded to the officers' knocks on the front door and Johnson surrendered. While officers were arresting Johnson on the porch, several other officers conducted a brief protective sweep inside the house to check for other persons who might pose a danger to the arresting officers. Officers then asked Johnson and his sister for permission to search the house. The officers informed Johnson that if he did not consent, they would try to get a search warrant. Johnson and his sister read and signed consent forms permitting the officers to search the house and the basement occupied by Johnson. During the search, officers seized evidence linking Johnson to the bank burglary and shooting.
 
 
 4
 First, Johnson contends the officers improperly searched the house under the pretext of a protective sweep. We disagree. "Officers may conduct a limited protective sweep of an arrestee's home following an in-home arrest if they have a reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those at the arrest scene." United States v. Horne, 4 F.3d 579, 586 (8th Cir. 1993). Here, the officers arrested Johnson on the front porch of the house for bank burgling and shooting a police officer, potentially alerting an unknown number of others inside. Because Johnson was unarmed when the officers arrested him, the officers reasonably believed that someone inside the house was in a position to use the missing weapon against the officers. Thus, the officers properly conducted a protective sweep inside the house. See United States v. Kaylor, 877 F.2d 658, 664 (8th Cir.), cert. denied, 493 U.S. 871 (1989). Contrary to Johnson's view, the officers did not search beyond the scope of a protective sweep. The officers' sweep was limited to a quick room-to-room search for persons who could endanger the officers. The officers discovered several persons but neither discovered nor seized any weapons or incriminating evidence during the procedure.
 
 
 5
 We also reject Johnson's related contention that his consent to search the house was not given voluntarily because he believed the police had already searched the house during the protective sweep. There is nothing in the record indicating Johnson believed the officers searched for evidence of the bank burglary and shooting during the protective sweep. Johnson was aware that if he withheld his consent, the officers would have to obtain a search warrant to reenter the house. Although Johnson was in custody, the officers did not threaten or pressure him to consent. Johnson read and understood the consent form, suggested some changes in the officers' entries, and signed the form. Considering the totality of the circumstances, we conclude the district court's finding that Johnson voluntarily consented to the search is not clearly erroneous. See United States v. Larson, 978 F.2d 1021, 1023-24 (8th Cir. 1992); see also United States v. Castillo, 866 F.2d 1071, 1081-82 (9th Cir. 1988) (upholding district court's finding that consent to search given after protective sweep was voluntary).
 
 
 6
 Johnson next contends that a photographic array shown to the wounded officer was impermissibly suggestive and tainted his in-court identification of Johnson. We agree with the district court, however, that the array was not impermissibly suggestive. The photos depict men with similar facial characteristics, and the officer was not told that Johnson was among the pictured men. See, e.g., United States v. Lewin, 900 F.2d 145, 148-49 (8th Cir. 1990) (telling identifying officers that photo spread contained photographs of defendants rendered process impermissibly suggestive). Even if the array was suggestive, we also agree with the district court that the officer's in-court identification was reliable. See id. (in-court identification following impermissibly suggestive photo spread is nevertheless admissible if the identification is reliable). The officer had an adequate opportunity to view Johnson during Johnson's flight from the bank, the officer identified only Johnson's photo from the array, the officer was not told whether he had picked the defendant's photo, and the officer identified Johnson both in the array and in court with a high degree of certainty.
 
 
 7
 Finally, Johnson contends the district court misapplied the cross-reference provision of U.S.S.G. Sec. 2K2.1 to his felon-in-possession of a firearm conviction. See U.S.S.G Sec. 2K2.1(c)(1)(A) (Nov. 1992). According to Johnson, permitting the Government to prove the uncharged, cross-reference crime of attempted murder by only a preponderance of the evidence violated his Fifth and Sixth Amendment rights. Johnson's contention, however, is foreclosed by our decisions in United States v. Fleming, No. 92-3188, 1993 WL 417760, at * 2 (8th Cir. Oct. 21, 1993) and United States v. Smith, 997 F.2d 396, 397 (8th Cir. 1993) (per curiam). Johnson also contends the state attempted murder statute rather than the federal statute, 18 U.S.C. Sec. 1111, should be applied as the cross-reference crime. Contrary to Johnson's contention, the attempted murder guideline, Sec. 2A2.1 comment. (n.2), provides for the application of the federal statute. Because the Government proved the attempted murder by a preponderance of the evidence, we conclude the district court properly applied Sec. 2K2.1(c)(1)(A).
 
 
 8
 Accordingly, we affirm.