**UNITED STATES of America**

v.

**Angel SANTOS, Appellant.**

No. 08–1825.

United States Court of Appeals, Third Circuit.

Argued Sept. 21, 2009.

Opinion Filed: Oct. 22, 2009.

Lynanne B. Wescott, Esq. (Argued), The Wescott Law Firm, Philadelphia, PA, for Appellant.

Robert A. Zauzmer, Esq. (Argued), Thomas M. Zaleski, Esq., Office of United States Attorney, Philadelphia, PA, for Appellee.

Before: BARRY, FISHER and JORDAN, Circuit Judges.

OPINION

BARRY, Circuit Judge.

Angel Santos ("Santos") was convicted on two counts of heroin distribution and one count of possession with intent to distribute heroin, and sentenced to 240 months' imprisonment. He appeals his conviction and sentence on a variety of grounds. We will affirm.

### I.

Because we write solely for the parties, we presume familiarity with the facts and

will recite only the basic underpinnings of this case.

On three occasions in October and November 2006, Santos sold heroin to an undercover police officer—first, 96 milligrams, then 18 grams, and finally 40 grams. On the third occasion, he was arrested. On the day of the arrest, the police obtained a search warrant for his residence and found 67 additional grams of heroin.

From the outset of the federal proceedings against him, Santos raised a series of meritless challenges to the jurisdiction of the federal court. He also had been assigned a series of attorneys, and then decided that he would like to waive counsel and represent himself, albeit with stand-by counsel in the wings. Accordingly, the United States Magistrate Judge before whom Santos was appearing at the time conducted a *Faretta* colloquy to ensure that his waiver of counsel was knowing, voluntary, and intelligent. After asking Santos a series of questions that probed into what he wanted and what he knew with respect to self-representation, the Magistrate Judge concluded that Santos's waiver of counsel was knowing, voluntary, and intelligent. Before the start of trial, the District Court conducted another *Faretta* colloquy, and also concluded that Santos's waiver was valid. Following trial, Santos was convicted on all counts, and sentenced to 240 months' imprisonment.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## II.

On appeal, Santos argues, among other things, that his waiver of the right to counsel was not knowing, voluntary, and intelligent, and that his sentence was procedurally unreasonable.[1]

## A.

Before a criminal defendant can be permitted to proceed *pro se*, a court must make certain that he is knowingly, voluntarily, and intelligently waiving his Sixth Amendment right to counsel. *See, e.g., Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Because of the singular import of the right to counsel, we have instructed that "[c]ourts must indulge every reasonable presumption against a waiver of counsel." *Buhl v. Cooksey,* 233 F.3d 783, 790 (3d Cir.2000). Accordingly, such a waiver "ought not [be] accept[ed] ... absent a penetrating and comprehensive examination of all the circumstances." *United States v. Stubbs,* 281 F.3d 109, 118–19 (3d Cir.2002) (internal citations and quotations omitted). It is clear that "the defendant [must] be informed of *all* risks and consequences associated with his decision for self-representation." *United States v. Peppers,* 302 F.3d 120, 135 (3d Cir.2002) (emphasis in original). "Our review of whether a defendant's waiver of counsel was knowing and intelligent is plenary as it involves only legal issues." *Stubbs,* 281 F.3d at 113 n. 2.

In *Peppers,* we set forth a series of questions, some with subparts, that provides a "useful framework for the court to assure itself that a defendant's decision to proceed *pro se* is knowing and voluntary." 302 F.3d at 136. In *United States v. Jones,* we observed that "[a]lthough no scripted recital is required for this inquiry, we do require that all of the subjects covered in the model questions set forth in

---

1. Santos also raises the following arguments, which we have reviewed and dismiss summarily as devoid of merit: (1) the District Court made an improper drug quantity calculation at sentencing; (2) the Court erroneously concluded that he was a career offender; and (3) the Court wrongly denied his motion to suppress.

*Peppers* be fully explored in the inquiry, to the extent those subjects are relevant." 452 F.3d 223, 234 (3d Cir.2006).

Each and every *Peppers/Jones* subject was covered almost word for word in the colloquy conducted by the Magistrate Judge at the time Santos elected to proceed *pro se*; indeed, at oral argument before us his counsel described that colloquy as "perfect." The District Court conducted yet another colloquy on the day trial was to commence after confirming that Santos wanted to proceed *pro se*, a colloquy in which the Court went into all but two of the *Peppers* subjects and went beyond *Peppers* when it questioned Santos about the Sentencing Guidelines. Santos has not explained why, in his view, the District Court was obligated to conduct an additional complete colloquy when it had already been determined that his waiver of the right to counsel was knowing, voluntary, and intelligent.[2] Moreover, Santos never wavered in his desire to represent himself at any point prior to or during sentencing, nor was there any change in circumstances between the end of his trial in January, 2008 and his sentencing hearing in July, 2008. Absent a revocation of his waiver or some other change in circumstances before sentencing, the District Court had no reason, let alone an obligation, to revisit the waiver question and conduct another *Faretta* colloquy. *Cf.*

United States v. Modena, 302 F.3d 626, 630–31 (6th Cir.2002).

The record reflects the sort of full and penetrating examination that we require pursuant to *Peppers* and *Jones*.[3] Santos made the decision to waive counsel; we need not revisit that decision simply because he is displeased with the jury's verdict.

### B.

Santos also contends that the District Court erred in not sufficiently discussing the 18 U.S.C. § 3553(a) factors before imposing sentence.[4] There is no merit to this contention. In light of the arguments raised, the facts presented in the presentence report, and the circumstances surrounding Santos and the crimes of which he was convicted, the Court's discussion of the § 3553(a) factors, albeit brief, was entirely adequate. There is also no merit to the contention that Santos should not have been sentenced because he represented himself at the trial. (*See* Appellant's Br. 29.) This argument is simply a different version of the *Faretta* claim rejected above.

### III.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.

---

**2.** Indeed, Santos recognized that there had already been just such a colloquy. (*See* JA 113 ("Mr. Santos: Your Honor, I believe I did my colloquy back in October 19th."); *id.* at 115a ("Mr. Santos: Your Honor, I believe I've already taken my colloquy back on October 9th. I don't know if another one is needed by law.").)

**3.** Santos's appellate counsel expends much time and energy pointing out Santos's deficiencies in representing himself at trial. But the issue here is not whether, after the fact, Santos turned out to be a good representative for himself. To the contrary, the issue is

whether he validly waived the right to counsel. Accordingly, we will not discuss Santos's trial strategy or any deficiencies in his performance.

**4.** Santos erroneously characterizes this alleged error as a problem of substantive reasonableness rather than procedural reasonableness: "Assuming, arguendo, that there was no procedural error [in sentencing a defendant who should not have represented himself], the sentence was not substantively reasonable because the court failed to follow the required sentencing analysis." (Appellant's Br. 29.)

JORDAN, Circuit Judge, concurring in part and dissenting in part.

While I agree with my colleagues in the Majority that Santos's waiver of his right to counsel at both his pre-trial proceedings and at trial was knowing, intelligent, and voluntary,[5] I believe that the failure of the District Court to make any inquiry at all into Santos's continued desire to represent himself at sentencing violated long-standing precedent that requires courts to affirmatively protect a defendant's right to counsel at every critical stage of a criminal proceeding. I therefore concur in the judgment to the extent it upholds Santos's conviction, but, since I would vacate Santos's sentence and remand for a resentencing that would include an inquiry into whether Santos continues to waive counsel, I respectfully dissent as to the portion of the judgment upholding the sentence.

More than sixty years ago, in *Von Moltke v. Gillies*, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948), the Supreme Court instructed that it is "the solemn duty of a federal judge before whom a defendant appears without counsel to make a thorough inquiry and to take all steps necessary to insure the fullest protection of this constitutional right [to counsel] *at every stage of the proceedings.*" *Id.* at 722, 68 S.Ct. 316 (Black, J., plurality opinion; emphasis added). One might read the italicized portion of that quotation, as the Majority here evidently does, to mean that a judge's duty is to be assured at least once that the defendant's right to counsel has been dealt with so thoroughly as to give protection to that right throughout the entirety of the proceedings. Alternatively, one may understand the admonition to be that "at every stage" the judge must take steps to ensure that the right to counsel continues to be protected. That is how I understand it, particularly in light of our own decisions that have elaborated on and emphasized that language from *Von Moltke.*

For example, in *United States v. Salemo*, 61 F.3d 214 (3d Cir.1995), we vacated a sentence and remanded for re-sentencing when the District Court failed to conduct at sentencing a waiver colloquy as required by *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) ("[The defendant] should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'") (citation omitted). The defendant, Salemo, had been represented by counsel at trial, unlike Santos in the present case. But, just as in this case, the government in

---

**5.** In light of our decision in *United States v. Jones*, 452 F.3d 223 (3d Cir.2006), the adequacy of the District Court's inquiry regarding Santos's waiver of counsel at trial is open to question, but ultimately the exchange between the Court and Santos appears to have been sufficient. In *Jones*, we emphasized that if a district court does not engage a defendant in a colloquy that covers the issues developed in *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and later in *United States v. Peppers*, 302 F.3d 120 (3d Cir.2002), "it fails to establish that the waiver is knowing, intelligent and voluntary" and can thus require a reversal of the judgment. *Id.* at 231 (citation omitted). Here, however, the colloquy at trial came not long after a full colloquy before the magistrate judge during a probable cause and detention hearing. (JA 70–82; JA 115(a)–115(d)). Moreover, the defendant twice indicated under questioning by the District Judge that he had been through the colloquy once before. (*See* JA at 113 ("Mr. Santos: Your Honor, I believe I did my colloquy back in [sic] October 19th."); *id.* at 115a ("Mr. Santos: Your Honor, I believe I've already taken my colloquy back on October 9th. I don't know if another one is needed by law.").) The present case is thus distinguishable from *Jones*, where there had not been a discussion of waiver with a magistrate judge shortly before the defendant's trial. *See Jones*, 452 F.3d at 226–27.

*Salemo* argued that no inquiry about waiver was needed at the sentencing stage because the district court could infer that "Salemo understood the nature of the sentencing proceeding and the possible consequences" and that "he wanted to represent himself at sentencing." *Salemo*, 61 F.3d at 218. We rejected that argument, quoting the afore-cited language from *Von Moltke* and emphasizing the "at every stage" portion of the quote. *Id.* at 219. We then observed that "[n]either logic nor precedent supports carving out an exception when the waiver occurs at sentencing." *Id.* at 219.

Significantly for the present case, we noted that "the inquiry at sentencing need only be tailored to that proceeding and the consequences that may flow from it" and so "need not be as exhaustive and searching as a similar inquiry before the conclusion of trial." *Id.* Nevertheless, we stressed that "sentencing is a critical and often times complicated part of the criminal process that contains subtleties which may be beyond the appreciation of the average layperson seeking to represent him/herself." *Id.* at 220. And we indicated that some inquiry into waiver of counsel is particularly important at sentencing because it may be that "one's ultimate fate is determined more by the application of the Guidelines than the determination of innocence or guilt." [6] *Id.*

The district court in *Salemo* did not conduct a "thorough," *id.* at 219, and "proper," *id.* at 218, inquiry about the defendant's waiver of counsel at sentencing, and we were thus required to vacate and remand for resentencing. In the present case, the District Court did not conduct any inquiry whatsoever into Santos's waiver of counsel at sentencing. From the perspective of the government and the Majority, it might be said that *Salemo* is inapposite because there had been no previous waiver colloquy in that case while there had been two in this one. I cannot escape the impression, however, that, in highlighting the particular legal complexities presented at sentencing, and in rejecting the government's argument about inferring waiver from the record, our opinion in *Salemo* stands for the proposition that some inquiry into waiver must be made at sentencing, even when a defendant has previously said or done something to assert his right to self-representation.

That impression is deepened by other decisions of our Court. In *United States v. Peppers*, 302 F.3d 120 (3d Cir.2002), we found constitutional error when the district court failed to apprise the defendant "of the full range of risks and structural limitations that would be attendant upon [the defendant] should he proceed *pro se* . . . . ." *Id.* at 134. In *United States v. Welty*, 674 F.2d 185 (3d Cir.1982), while discussing the dangers of proceeding *pro*

---

**6.** That observation was delivered before the decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), made the Sentencing Guidelines advisory rather than mandatory. Yet even in a post-*Booker* world it remains true that the Guidelines are the starting point in the exercise of judicial discretion, *United States v. Ali*, 508 F.3d 136, 142 (3d Cir.2007) (noting that the first step for district courts in sentencing after *Booker* is "to calculate a defendant's Guidelines sentence precisely as they would have before *Booker* "), and that "[t]he Sentencing Guidelines contain a complex procedure for determining the appropriate increase in offense level for conviction of multiple counts." *Salemo*, 61 F.3d at 220 (*citing United States v. Johnson*, 931 F.2d 238, 242 (3d Cir.1991)) (internal bracket omitted). *See also United States v. Smith*, 997 F.2d 396, 398 (8th Cir. 1993) (Gibson, J., concurring) ("The guidelines . . . have created a complex hypertechnical system consuming great amounts of judicial time for both trial and appellate judges.").

se, we noted that after the jury handed down a verdict following a trial in which the defendant had been without counsel, the defendant, "realizing the need for the assistance of counsel at sentencing," engaged counsel for the sentencing proceeding. *Id.* at 191–92. *Cf. Johnson v. Zerbst,* 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) ("While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.").

The Majority says that "Santos has not explained why, in his view, the District Court was obligated to conduct a complete colloquy when it had already determined that his waiver of the right to counsel was knowing, voluntary and intelligent." (Maj. Op. at IIA). That comment, however, implies that it was Santos's burden to once again raise the question of his right to counsel, when the law places the burden on the District Court to affirmatively "take all steps necessary to insure the fullest protection of this constitutional right...." *Von Moltke,* 332 U.S. at 722, 68 S.Ct. 316. I do not think it was incumbent on the District Court to conduct at sentencing another complete colloquy of the sort suggested in *Peppers. See Salemo,* 61 F.3d at 219 ("the inquiry at sentencing need only be tailored to that proceeding and the consequences that may flow from it"). And I repeat our oft-stated assurance that there is "no talismanic formula for the district court's inquiry." *Jones,* 452 F.3d at 229 (internal quotation marks, brackets, and citation omitted). As Santos himself intuited (*see supra* n. 1), a re-run of the same colloquy at every stage is not a necessity. Nonetheless, since the trial had concluded and some six months had passed since the District Court engaged in any inquiry into the defendant's waiver of counsel, the Court should have made a "sufficiently penetrating inquiry to satisfy itself" at sentencing, which is a distinct and critical stage of criminal proceedings, that Santos's waiver was knowing, intelligent and voluntary. *See Peppers,* 302 F.3d at 130–31 ("It is the tension between the right to have counsel and the right to represent oneself that places upon the trial court the weighty responsibility of conducting a sufficiently penetrating inquiry to satisfy itself that the defendant's waiver of counsel is knowing and understanding as well as voluntary."); *see also Gardner v. Florida,* 430 U.S. 349, 358, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977) ("[I]t is now clear that the sentencing process, as well as the trial itself, must satisfy the requirements of the Due Process Clause.... [S]entencing is a critical stage of the criminal proceeding at which [the defendant] is entitled to the effective assistance of counsel.")

In short, I do not believe that *Von Moltke* or our own case law permits a "once and done"—or even, as in this case, a "twice and done"—approach to the inquiry into a defendant's desire to proceed *pro se.* The job is only done when the record reflects sufficient care by the district court to safeguard the right to counsel "at every stage of the proceedings." *Von Moltke,* 332 U.S. at 722, 68 S.Ct. 316. While there may be legitimate debate about exactly what constitutes a separate stage of a criminal proceeding and what constitutes an adequate inquiry at each stage, I think at least this much is clear: sentencing is a discreet stage, and a district judge must do something at sentencing to be satisfied that a defendant's waiver of counsel remains knowing, intelligent, and voluntary.

Consequently, to the extent noted, I dissent and would vacate and remand for resentencing.